**Joseph E. KESTNER, Appellant,**

v.

**MISSOURI PACIFIC RAILROAD COMPANY, Respondent.**

**No. 56808.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 23, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 7, 1990.

Application to Transfer Denied
April 17, 1990.

Robert F. Ritter, Marina Jane Matoesian, St. Louis, and C.H. Parsons, Jr., Dexter, for appellant.

Michael D. O'Keefe, Thomas R. Jayne, and John J. Carey, St. Louis, for respondent.

CRIST, Judge.

Appellant (plaintiff) appeals a summary judgment in favor of respondent (railroad) in a Federal Employer's Liability Act case. 45 U.S.C. § 51 *et seq.* (FELA). The trial court found the three-year statute of limitations governing FELA barred plaintiff's cause of action. We find there was a question of fact as to whether the three-year statute of limitations was a bar and reverse and remand.

In January 1988, plaintiff sued for personal injuries sustained while working for a railroad from 1949 to September 1986. He alleged that in the performance of his duties as a maintenance of way worker, he was exposed to excessively high and dangerous noise levels resulting in a permanent and disabling loss of hearing in both ears.

Because this is an appeal of a summary judgment, we shall scrutinize the record in a light most favorable to plaintiff. *Union Elec. Co. v. Clayton Center Ltd.*, 634 S.W.2d 261, 262–263[1–3] (Mo.App.1982).

In the 1970's, plaintiff began to notice a failure of his hearing, a roaring and ringing in his ears. The problem occurred only intermittently. It did not interfere with plaintiff's ability to perform his job duties. In later years the problem became worse.

In approximately 1980, plaintiff went to Doctor's Hospital to check his hearing. A doctor did not advise him as to the cause and told him to return in one year. In 1985, he saw a doctor with reference to his hearing, and the doctor said his problem would improve. In late 1986, the problem had not improved. Plaintiff had trouble understanding radio transmissions. He told his superior, and it was arranged for him to be examined by another doctor. This doctor advised plaintiff he could not return to work. This doctor did not tell plaintiff what caused his hearing loss or make any recommendations. This doctor arranged for plaintiff to see a Dr. Roberts

in Cape Girardeau. Dr. Roberts, a hearing expert, said he could not help plaintiff. On September 3, 1986, plaintiff was discharged by railroad because of his hearing.

Plaintiff filed suit against railroad in January of 1988. In July of 1988, he again saw Dr. Roberts who told plaintiff the hearing loss was caused by loud noise. This was the first specific medical diagnosis of the cause of his hearing problem.

Plaintiff's petition purports to state a cause of action under FELA. Actions under FELA are governed by federal law. *See e.g. Norfolk & Western Ry. Co. v. Liepelt,* 444 U.S. 490, 493, 100 S.Ct. 755, 757, 62 L.Ed.2d 689 (1980). FELA cases must be commenced within three years from the date the cause of action accrued.

In FELA occupational disease cases, a "discovery" rule has evolved. The genesis of the "discovery" rule in FELA actions is the 1949 decision of the United States Supreme Court in *Urie v. Thompson,* 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949). In *Urie,* the plaintiff sought damages under the FELA for silicosis allegedly caused by the continuous inhalation of silicosis dust blown or sucked into the cabs of the railroad locomotives on which plaintiff had worked for thirty years. The court held that the disease accrued on the date the injury manifested itself. *Id.* at 170, 69 S.Ct. at 1024.

The *Urie* rule was refined by the United States Supreme Court in *United States v. Kubrick,* 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). In *Kubrick,* a medical malpractice case brought under the Federal Tort Claims Act, the plaintiff alleged he had lost his hearing as a result of negligent treatment at a Veteran's Administration Facility. The *Kubrick* court held that the plaintiff's claim accrued at the time plaintiff first became armed with the critical facts of the existence and cause of his injury. *Id.* at 122, 100 S.Ct. at 359. Other cases have interpreted *Urie* and *Kubrick* to mean an occupational disease claim is deemed to accrue under FELA when the claimant becomes aware or has reason to be aware that he has been injured and is aware of or has reason to be aware of the cause of his injury. *DuBose v. Kansas*

*City Southern Ry. Co.,* 729 F.2d 1026, 1030 (5th Cir.1984); *Stokes v. Union Pacific R. Co.,* 687 F.Supp. 552 (D.Wyo.1988); *Courtney v. Union Pacific R. Co.,* 713 F.Supp. 305, 308 (E.D.Ark.1989); *Jones v. Maine Central R. Co.,* 690 F.Supp. 73, 74–75 (D.Me.1988); *Bechtholdt v. Union Pacific R. Co.,* 722 F.Supp. 704, 706–07 (D.Wyo.1989). "When a plaintiff may be charged with awareness that his injury is connected to some cause should depend on factors including how many possible causes exist and whether medical advice suggests an erroneous causal connection or otherwise lay to rest a plaintiff's suspicion regarding what caused his injury." *DuBose,* 729 F.2d at 1031.

Defendant claims plaintiff's deposition testimony is unequivocal and establishes plaintiff was aware of his hearing loss and its cause more than three years before filing suit. But not so. Defendant points to the following exchange out of plaintiff's 101 page deposition to support its claim:

Q. When you noticed in the '70's, Mr. Kestner, that you were having this ringing in your ears and difficulty hearing, what did you think was causing it or did you know?

A. Well, I figured that it was maybe the noise that was doing it. I just—I thought that was what was doing it.

Q. You mean the noise at work?

A. Yes.

We believe the phrases "I figured" and "maybe" fail to rise to the level of proof required for summary judgment. Defendant failed to question plaintiff further as to what he believed caused his hearing problem when it first arose. Plaintiff was not asked whether he believed his hearing loss was permanent or what caused it after he saw a doctor in 1980. One could reasonably infer plaintiff's "suspicion" as to the cause of his problem was "laid to rest" after he saw his doctor.

Defendant also claims in its brief that an interrogatory answer proves plaintiff knew of his hearing loss and its cause from his co-workers in the 1970's.

The interrogatory question, along with its three subparts, and the answer appears below:

29. State when you claim that you first learned, became aware of, or realized that you had sustained a hearing loss and each and every other injury, condition or disease claimed, and as to each also state:

(a) how you first learned, became aware of or realized that you had sustained a hearing loss and each other injury, condition, or disease;

(b) when you first learned, became aware of or realized that your hearing loss and other conditions were or might be due to conditions at your employment with Defendant; and

(c) how you first learned, became aware of or realized that your hearing loss and other conditions were or might be due to conditions at your employment with Defendant.

ANSWER: I first noticed problem in my ears in the 70's. This problem would come and go. I was not aware that it was going to get worse and get to the point where it keeps me awake at night sometimes. When I first realized that I was having a hearing problem was when members of my family were having to repeat things to me. Some of my close workers told me the type of work I had done for the railroad was causing the problems I was having.

When read in a light most favorable to the plaintiff, one cannot conclude plaintiff was told by his co-workers of the cause of his hearing loss in the 1970's.

Defendant cites the unpublished decision and order in the case of *Fries v. Chicago and North Western Transportation Company,* Case No. 87–C–1338 (E.D.Wis., April 18, 1989). There, a defendant's negligent failure to seek medical advice until five years after the onset of his hearing loss precluded him from filing suit. Suffice it to say the evidence in this case leads to the conclusion that the trier of fact should decide when plaintiff knew or should have known the cause of his hearing loss.

Plaintiff was not told by any medical practitioner that his hearing loss was caused by exposure to loud noises until July 1988. None of his prior doctors had told him the ear problem was related to his work. One even told him his hearing would improve.

The Missouri five-year statute of limitations, § 516.120, RSMo 1986 has been similarly construed in an asbestosis case. *Elmore v. Owens Illinois, Inc.,* 673 S.W.2d 434, 436[1, 2] (Mo. banc 1984). In *Elmore* our Supreme Court held "[a] cause of action accrues when and originates where damages are sustained and are capable of ascertainment." In *Elmore* the claimant had shortness of breath and knew that long term breathing asbestos caused asbestosis. He did not know his condition was asbestosis until it was diagnosed by a physician. Likewise, plaintiff in the case at bar knew he had hearing problems, but he may not have known the cause until it was diagnosed by his doctor in July of 1988. This is a question of fact. We cannot conclude as a matter of law plaintiff knew of the relation of his injury to his employment.

Summary judgment was not the appropriate remedy in this case. The evidence as to when the cause of action accrued is in dispute.

Judgment reversed and remanded.

GARY M. GAERTNER, P.J., and DOWD, J., concur.