**Jack M. MILLER, et ux., Plaintiffs,**

v.

**MOBAY CORPORATION, Defendant.**

No. 88–6127–CV–SJ–6.

United States District Court,
W.D. Missouri,
St. Joseph Division.

Aug. 3, 1990.

Steven G. Emerson, Thomas H. Davis, Watson, Ess, Marshall & Enggas, J.C. Hambrick, Jr., Schulz, Bender, Maher & Blair, P.C., Kansas City, Mo., for plaintiffs.

C. Arthur Wilson, Jr., Patricia L. Dallacrore, Eckert, Seamans, Cherin & Mallott, Pittsburgh, Pa., Thomas J. Wheatley, Lathrop, Norquist & Miller, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

SACHS, Chief Judge.

As indicated in the court's order of July 30, 1990, an unfortunate procedural squeeze has developed in this case, presently scheduled for trial (as a back-up case) on August 6, 1990. A summary procedural explanation and ruling is appropriate.

In this product liability action, where it is claimed that plaintiff suffered severe and debilitating asthma allegedly resulting from occupational exposure to defendant's product, the court ruled on December 8, 1989, that plaintiff is barred from recovery for exposure prior to August 29, 1983, but may seek damages for injuries suffered on or after that date, five years before suit was filed. The court thus partially sustained defendant's statute of limitations defense. Its theory was that plaintiff was well aware of the onset of asthma more than five years before suit was filed and that causation from defendant's product was deemed "capable of ascertainment" under Missouri law where "the medical community was aware of the dangers of MDI (the product) and its effects on the respiratory system by at least 1978." Regardless of plaintiff's lack of knowledge of causation and assuming his lack of personal negligence, the court relied principally

on *Ahearn v. Lafayette Pharmacal, Inc.*, 729 S.W.2d 501 (Mo.App.1987), for rather stringent application of the statute of limitations in this context.

In its December ruling the court treated more lenient language by the Missouri Supreme Court in an earlier asbestos case as probably dicta, and in any event apparently not deemed controlling in Missouri under the more recent *Ahearn* case. *See Elmore v. Owens–Illinois, Inc.*, 673 S.W.2d 434, 436 (Mo. banc 1984) (cause accrues when knowledge of a diagnosed disease and of its cause " 'came together,' " even though there was prior knowledge of shortness of breath and the danger of long-term breathing of asbestos).

Plaintiff moved on July 9, 1990, for reconsideration of summary judgment, contending that (1) accrual occurs when the last exposure and injury occurs, and (2) there is a controverted issue of fact as to whether the claim was capable of ascertainment prior to explicit references to possible causation in 1985. The motion was informally argued at a pretrial conference, and the court's research then uncovered a decision subsequent to the December ruling that uses the *Elmore* rationale and seems inconsistent with *Ahearn*. *Kestner v. Missouri Pacific R. Co.*, 785 S.W.2d 646 (Mo. App.1990).

As defendant points out in responsive briefing, *Kestner* is a FELA case. The reversal of summary judgment on the statute of limitations was based on federal concepts of accrual of claims. The *Kestner* ruling states, however, that Missouri practice as stated in *Elmore* similarly delays accrual of occupational disease and injury claims until the claimant personally has or should have knowledge of both the personal injury and its likely cause. 785 S.W.2d at 648.

The court informally advised prior to finding *Kestner* that the Missouri legal question appeared to be extremely close. Judge Filippine ruled some years ago that medical community awareness of possible causation is *not* conclusive, and that the limitations issue turns on whether a particular plaintiff "in the exercise of reasonable diligence should have known" of such causation. *Renfroe v. Eli Lilly & Co.*, 541 F.Supp. 805, 810 (E.D. Mo.1982), *aff'd* 686 F.2d 642 (8th Cir.1982). *Compare Kansas City v. W.R. Grace & Co.*, 778 S.W.2d 264 (Mo.App.1989) (medical uncertainty prevents accrual).[1] Judge Whipple of this district has also recently used the "reasonable diligence" test. *In re Tetracycline Cases*, 729 F.Supp. 662, 665 (W.D. Mo.1989).

The *Ahearn* case largely relies on *King v. Nashua Corp.*, 763 F.2d 332 (8th Cir. 1985), but in *King* Chief Judge Lay states that the issue of accrual turns on what a plaintiff *"should* have known." 763 F.2d at 333. The "should have known" test is not narrowly confining. *Hildebrandt v. Allied Corp.*, 839 F.2d 396 (8th Cir.1987) (opinion by Chief Judge Lay).[2] A "could have known" test might well bar recovery where there is a 1% chance of coupling a diagnosis and causation, whereas a "should have known" test seems to require a very substantial common-sense likelihood that a reasonably careful person would discover the existence of a cause of action.

While the results and some of the language in litigation governed by Missouri law do not appear to be consistent, *Kestner* is a last straw making me deeply skeptical that *Ahearn* appropriately predicts where Missouri law is likely to find repose. Following *Kestner*, *Elmore* and *Renfroe*, I now conclude that medical community knowledge of possible causation is inconclusive.[3] Defendant's motion for summary

---

**1.** There may be issues here, as in the cited case, concerning whether plaintiff encountered levels of exposure sufficient to warrant medical concern as to the causation of his lung impairment—thereby placing in doubt the date of ascertainable accrual of his claim.

**2.** Contrary to defendant's contention, this diversity case ruling does not turn on some special

feature of Minnesota law. The Missouri-based case of *Renfroe* is one of the authorities cited.

**3.** It may also be pertinent that such medical community knowledge was only one aspect of Judge Meredith's reasoning in *King v. Nashua*, 587 F.Supp. 417, 419 (E.D. Mo.1984). If *King* is distinguished because of the actual knowledge of plaintiffs' expert, *Ahearn* would stand as an isolated exception, inconsistent with earlier and

judgment, which rests solely on a contrary contention, should therefore now be rejected.

The memorandum and order filed December 8, 1989, will be vacated and defendants' motion for summary judgment will, on reconsideration, be denied. SO ORDERED.

later Missouri product liability and occupational injury cases. Possible inconsistency between such cases and other cases involving purely economic loss may suggest a developing two-track approach to accrual in the Missouri case law.