Donald **ROGERS**, Plaintiff/Appellant,

v.

**ILLINOIS CENTRAL RAILROAD COMPANY**, Defendant/Respondent.

No. 61150.

Missouri Court of Appeals,
Eastern District,
Division One.

June 2, 1992.

Gail Gaus Renshaw, The Lakin Law Firm, P.C., Wood River, for plaintiff/appellant.

Nicholas J. Lamb, William D. Hakes, Thompson & Mitchell, St. Louis, for defendant/respondent.

REINHARD, Presiding Judge.

Plaintiff appeals the trial court's award of summary judgment in favor of defendant in a Federal Employer's Liability Act (FELA) action for occupational hearing loss. 45 U.S.C. § 51 *et seq.*[1] Defendant's

---

1. We have jurisdiction under 45 U.S.C. § 56.

motion alleged that the action was barred by the limitations provision of the statute. 45 U.S.C. § 56. We reverse and remand.

Plaintiff's petition was filed on February 22, 1991. The petition alleged that during his employment with defendant as a conductor/brakeman from approximately November 1, 1971 to November 1, 1988, he was "subjected to numerous sources of variable loud and excessive noises including but not limited to the engine diesel noises, caboose noise, torpedoes, brakes, coupling cars, and other railroad noises." The petition further alleged that wholly or partly as the result of negligence by defendant, plaintiff suffered hearing loss and ringing in his ears, extreme pain and mental anguish. The petition also alleged that plaintiff was caused to incur past and future medical expenses.

After submitting interrogatories and a request for admissions to plaintiff, defendant moved for summary judgment. Plaintiff responded with a memorandum in opposition to summary judgment and an affidavit. The court sustained the motion.

 In ruling on a motion for summary judgment, the trial court and the appellate court must scrutinize the record in the light most favorable to the party against whom the motion was filed, and accord that party the benefit of every doubt. Summary judgment may only be rendered where it is made manifest by the pleadings, depositions, affidavits, answers to interrogatories, exhibits and admissions that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Rule 74.04(c); *Edwards v. Heidelbaugh*, 574 S.W.2d 25 (Mo.App.1978). Where the issue of limitations involves determination of when a claim accrues, summary judgment cannot be granted unless the evidence is so clear that there is no genuine factual issue and the determination can be made as a matter of law. *Hildebrandt v. Allied Corp.*, 839 F.2d 396, 399 (8th Cir.1987), citing *Lundy v. Union Carbide Corp.*, 695 F.2d 394, 398 (9th Cir.1982) (*quoting Williams v. Borden*, 637 F.2d 731, 738 (10th Cir.1980)). If the evidence presented

to support or oppose the motion is subject to conflicting interpretations, or reasonable people might differ as to its significance, summary judgment is improper. *United States v. Conservation Chemical Co.*, 619 F.Supp. 162, 179 (W.D.Mo.1985). Summary judgment should likewise be denied where the affidavits or other sworn statements require an evaluative judgment between two rationally possible conclusions, even if the court is convinced that the evidence makes it unlikely that a party can prevail at trial. *Id.*

Actions under FELA are governed by federal law. *Kestner v. Mo. Pacific Railroad Co.*, 785 S.W.2d 646, 647 (Mo.App. 1990); *Norfolk & Western Railway Co. v. Liepelt*, 444 U.S. 490, 493, 100 S.Ct. 755, 757, 62 L.Ed.2d 689 (1980). FELA cases must be commenced within three years from the date the cause of action accrued. 45 U.S.C. § 56; *Kestner*, 785 S.W.2d at 647.

In ruling on the motion, the trial court had before it the pleadings; plaintiff's answers to interrogatories and admissions; an exhibit which included plaintiff's response to a questionnaire submitted to him by defendant dated April 6, 1988; and an affidavit from plaintiff. On appeal, plaintiff contends that the trial court erred because a genuine issue of material fact existed as to when plaintiff's cause of action accrued.

 In FELA occupational disease cases, a "discovery" rule has evolved. *Urie v. Thompson*, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949); *Kestner v. Mo. Pacific R. Co.*, 785 S.W.2d at 647. When the specific date of injury cannot be determined because an injury results from continual exposure to a harmful condition over a period of time, the cause of action does not accrue until the injury manifests itself. *Urie*, 337 U.S. at 170, 69 S.Ct. at 1025; *Kestner* at 647. This rule has been applied to hearing loss cases. *Kestner* at 647.

The rule was refined by the United States Supreme Court in *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62

L.Ed.2d 259 (1979).[2] *Kubrick* held that a plaintiff's claim accrues at the time that plaintiff first becomes armed with the critical facts of both the existence and the cause of his injury, regardless of whether plaintiff is then aware that these facts constitute legal negligence. *Kubrick* at 122, 100 S.Ct. at 359; *Kestner* at 647. We have held that an occupational disease claim is deemed to accrue under FELA when the claimant becomes aware or has reason to be aware that he has been injured and is aware of or has reason to be aware of the cause of his injury. *Kestner* at 647. *See DuBose v. Kansas City Southern Ry. Co.*, 729 F.2d 1026, 1030 (5th Cir.1984).

The discovery rule was developed to avoid mechanical application of statutes of limitations. *DuBose* at 1031. Thus, *Kubrick* does not set an inflexible rule, but rather intends that the discovery rule be applied in differing fact situations to effectuate the rationale behind the rule. *Id.*

Where the factual evidence raises different inferences, the time at which an impairment manifests itself is for a jury to determine. *Hildebrandt v. Allied Corp.*, 839 F.2d 396, 398 (8th Cir.1987). The issue of when plaintiff knew or should have known of his injury and its cause is a question of fact for the jury. *Id.* at 398–99.

In the case of actual knowledge, the cause of action accrues when the character of the condition and its cause first "c[o]me together" for the plaintiff. *Elmore v. Owens–Illinois, Inc.*, 673 S.W.2d 434, 436 (Mo. banc 1984). The "should have known" test is not narrowly confining. *Miller v. Mobay Corp.*, 741 F.Supp. 177, 178 (W.D.Mo.1990), *citing Hildebrandt*, 839 F.2d 396. The test is not a "could have known" test. *Miller* at 178. Rather, it requires a very substantial common-sense likelihood that a reasonably careful person would discover the existence of the injury and its cause. *Id.* Plaintiffs are entitled to wait until the cause has been rationally identified. *Hildebrandt* at 399.

Plaintiff's responses to the hearing loss questionnaire submitted by defendant (dated April of 1988) include the following:

Q. Do you think you have a hearing problem?

A. Yes.

Q. If yes, how long have you known?

A. 7 years.

Q. Do you think it *might be* related to your railroad employment?

A. Yes.

Q. If yes, how long have you thought so?

A. 6 years. (Emphasis ours.)[3]

In answer to a question which asked, "If you have problems with your ears, please list *all* complaints", plaintiff responded: "Loss of Hearing—can't hear well."

In his answer to interrogatories, however, plaintiff gave the following answer to the question of when his symptoms first appeared: "Because plaintiff's symptoms developed gradually over a period of time, he cannot determine the date when such symptoms first appeared." When asked in another interrogatory when he had first learned, become aware of or realized that he had sustained a hearing loss or other injury, condition or disease, and when he first learned, became aware of or realized that the hearing loss or other injuries might be due to conditions at his employment with defendant, plaintiff again stated: "Because Plaintiff's symptoms developed gradually over a period of time, he cannot determine the date when such symptoms first appeared."[4]

---

**2.** While *Kubrick* is a Federal Tort Claims Act case, courts have uniformly held that its reasoning applies to FELA cases. *See, e.g., Kestner* at 647. *See also DuBose v. Kansas City Ry. Co.*, 729 F.2d 1026, 1030 (5th Cir.1984).

**3.** Defendant filed a request for admissions which resulted in plaintiff admitting that he received the questionnaire from defendant; that he completed it in his own hand; that he gave the above-quoted responses; that the signatures on the document were his; and that the questionnaire was dated April 6, 1988. Plaintiff did not respond to the request that he admit that an attached exhibit was a true and accurate copy of the questionnaire and the completed responses.

**4.** In response to another question, plaintiff again stated that his hearing loss has been gradual.

In his affidavit filed in response to the motion for summary judgment plaintiff stated that in answering the questions, "Do you think you have a hearing problem; if yes, how long have you known; do you think it might be related to your railroad employment; if yes, how long have you thought so", he was speaking "retrospectively." Plaintiff stated that, "in retrospect, he feels that upon reflecting back upon his career he probably had a hearing loss as long ago as seven years before the date of the questionnaire." Plaintiff further stated that as of the date of the questionnaire, he "had never had confirmed by any medical health provider of any sort that he in fact did have a hearing loss." He stated that at the time he completed the questionnaire he did not *know* that he had a hearing loss but merely assumed that he did. Plaintiff also stated that it was not until August 12, 1988, when he obtained an audiogram which revealed that he did have a hearing loss, that he was aware of any hearing loss as opposed to speculating upon whether or not he had a hearing loss.

■ We believe that an issue of fact remains on when plaintiff knew or should have known of his hearing loss and its cause.

Ordinarily, "the phrases 'I figured' and 'maybe' fail to rise to the level of proof required for summary judgment." *Kestner v. Mo. Pacific R. Co.*, 785 S.W.2d at 647. Here, the phrase "might be" used in the portion of the questionnaire which defendant cites as proof that defendant knew of the cause of his injury is of a similar nature. *See Kestner* at 648. Furthermore, plaintiff filed an affidavit and gave interrogatory answers that in effect rebutted the statements made in the questionnaire he had previously answered.

Defendant's argument in response to plaintiff's affidavits and interrogatories is misplaced. Defendant's brief states:

... Appellant argues ... that the mere filing of an affidavit which contradicts his prior admissions puts at issue the meaning of his handwritten answers on the Questionnaire. Such argument lacks merit and is not supported by Missouri law. In *Cloyd v. Cloyd*, 564 S.W.2d 337, 343 (Mo.App.1978), the Missouri Court of Appeals held that affidavits are competent evidence "if believed by the trial court". The Court noted that Missouri courts have long held that a Court has the discretion to disbelieve an affidavit, even though it is uncontradicted, stating:

> [T]he trial court when acting as the trier of fact may disbelieve the testimony of any witness. [Citation omitted.] 'The trial court in a court-tried case is the arbiter of the facts; it may believe or disbelieve oral evidence and the fact that the testimony is uncontradicted is not in any way decisive.' *Intertherm v. Coronet Imperial Corp.*, 558 S.W.2d 344, 348 (Mo.App.1977). If then, under Missouri law, the trial court may disbelieve in-court testimony, *a fortiori* an affidavit may be similarly treated.

[Citations omitted.]

As a result, the Circuit Court was vested with absolute discretion in determining the weight, if any, to be given to *Rogers' contradictory Affidavit.* As Roger's [sic] Affidavit was clearly an attempt to thwart the purposes of the statute of limitations by *directly contradicting* those responses given to a Questionnaire completed prior to the instigation of legal action, the court had ample reason to give it little or no weight. As a result, the filing of the Affidavit did not, in and of itself, put at issue the meaning of the answers given by Mr. Rogers on the Questionnaire. It merely presented the Court with an alternative, to be decided by the exercise of the Court's discretion. [Emphasis ours.]

*Cloyd*, 564 S.W.2d 337, involved the quashing of a garnishment and not a summary judgment. The trial court is not the trier of fact in a summary judgment but must deny a motion for summary judgment if a factual issue exists. *Edwards v. Heidelbaugh*, 574 S.W.2d 25. *See* Rule 74.04.

Contrary to defendant's assertions, plaintiff is not conclusively bound by the statements made in the questionnaire. The questionnaire was not part of any judicial proceeding and does not rise to the level of a "judicial admission", which requires "a formal act, done in the course of judicial proceedings, which waives or dispenses with the production of evidence, by conceding for the purposes of litigation that the proposition of fact alleged by the opponent is true." 4 Wigmore, Evidence § 1058 (Chadbourn rev. 1972).[5] It is merely an "extrajudicial admission" or statement made by an opponent admissible in evidence to contradict or impeach his present claim. *Id.*

Thus, Missouri courts have held that an admission in a taped statement to an insurance claims representative is not a judicial admission which conclusively binds a plaintiff. *State Farm Mut. Auto. Ins. Co. v. Allen,* 744 S.W.2d 782, 787 (Mo. banc 1988). Similarly, a letter from a discharged railroad employee to his employer admitting wrongdoing was held not to be conclusively binding upon the employee because it was merely an extrajudicial admission and the employee's subsequent explanation created a question for the jury. *Butner v. Union Pac. R. Co.,* 236 Mo.App. 1134, 163 S.W.2d 100, 108 (1942). *See also Smith v. Trans World Airlines, Inc.,* 358 S.W.2d 91 (Mo. App.1962) (statements in depositions and answers to interrogatories not conclusively binding); *Boehm v. Acacia Mut. Life Ins. Co.,* 119 S.W.2d 976, 977–78 (Mo.App.1938) (admissions in proofs of death furnished by the beneficiary in an insurance policy are "only prima facie and not conclusive where other facts appear in explanation of or contradictory to such admissions, or, in other words, where other evidence tends to show that such admissions were erroneously made, or to explain, repel, or contradict them, or to impair their force and effect.").[6]

It is interesting to note that in *Albert v. Maine Central Railroad Co.,* 905 F.2d 541 (1st Cir.1990), one of defendant's principal cases, when the court granted a summary judgment based upon statements made in plaintiff's deposition, the court concluded its opinion by stating, "The appellants have not presented any evidence to contradict their own deposition testimony." *Id.* at 545. Here, plaintiff rebutted his prior out-of-court statement in the affidavit and the answers to interrogatories.

We find that the evidence as to the basic question of when the cause of action accrued is factually in dispute here. The use of the phrase, "might be" as to the causation element in the questionnaire; the allegation in the affidavit that the realization of the time of injury was only retrospective; and the interrogatory answers which state, in effect, that the awareness of injury was gradual and uncertain prior to the date of diagnosis combine with the answers to the questionnaire contained in plaintiff's admissions to create a question of fact as to when plaintiff was or should have been aware of the injury and its cause. We therefore reverse and remand so that the issue of when the cause of action accrued may be determined along with other factu-

---

5. Plaintiff's response by affidavit to the request for admissions did not transform the answers to the questionnaire into judicial admissions because plaintiff did not admit the answers contained therein were true, merely that they were his (extrajudicial) answers to the questionnaire in 1988. Plaintiff's affidavit went on to assert that these responses were "retrospective" realizations and that his knowledge was uncertain at that time.

6. Cf. *Wilson v. Westinghouse Electric Corporation,* 838 F.2d 286, 289 (8th Cir.1988) ("Ambiguities and even conflicts in a deponent's testimony are generally matters for the jury to sort out, but a [trial] court may grant summary judgment where a party's sudden and unexplained revision of testimony creates an issue of fact where none existed before. Otherwise, any party could head off a summary judgment motion by supplanting previous depositions *ad hoc* with a new affidavit, and no case would ever be appropriate for summary judgment.") However, we believe that state procedural rules apply in FELA actions. *See Moore v. Mo. Pac. R. Co.,* 825 S.W.2d 839, 844–45 (Mo. banc 1992) (Rule 60.01).

al issues at trial.[7]

Judgment reversed and remanded.

GARY M. GAERTNER and CRANE, JJ., concur.

---

**7.** Our recent case of *Alexander v. Mo. Pac. R. Co.,* 827 S.W.2d 757 (Mo.App.E.D.1992) does not change our result. In *Alexander,* it was undisputed that the plaintiff had received a medical diagnosis of hearing loss related to his work three and one-half years prior to filing suit. *Id.,* at 757.