**CONTRACT FREIGHTERS, INC.,**
**Plaintiff–Respondent,**

v.

**Dwayne FISHER, Susan Fisher, Brad Tuck, Tuck & Johns, P.C., Bowlin & Johns, P.C., and Tuck & Malkmus, P.C., Defendants–Appellants.**

**No. 23018.**

Missouri Court of Appeals,
Southern District,
Division Two.

March 27, 2000.

C. Bradley Tuck, Tuck & Lukachick, P.C., Springfield, for Defendants–Appellants.

Ronald G. Sparlin, Blanchard, Robertson, Mitchell & Carter, P.C., Joplin, for Plaintiff–Respondent.

KERRY L. MONTGOMERY, Presiding Judge.

This is an appeal from an amended summary judgment in favor of Plaintiff Contract Freighters, Inc. (CFI), against all Defendants.

CFI's petition asserted a subrogation claim against Defendants based on § 287.150, RSMo 1994. The petition alleged that Defendant Dwayne Fisher, an employee of CFI, suffered an injury arising out of and in the course of his employment with CFI. As a result of this injury, CFI allegedly paid workers' compensation benefits to Fisher totaling $31,839.38. The petition further alleged that Defendant Fisher's injuries were caused by the negligence of a third party, Pilot Corporation, and that Defendant Fisher and his wife, Susan, settled their claim against Pilot Corporation for $95,000.

CFI's motion for summary judgment contained allegations similar to its petition. The motion further alleged that CFI's subrogation interest amounted to $20,488.92 calculated in accordance with the formula set forth in *Ruediger v. Kallmeyer Bros. Serv.*, 501 S.W.2d 56 (Mo. banc 1973).

As relevant here, Defendants' response denied that CFI paid Defendant Fisher workers' compensation benefits totaling $31,839.38 and affirmatively alleged that CFI's agent, Dan Fowler, offered and represented to Defendant Fisher that if he "would agree to accept a lower sum of Ten Thousand Dollars ($10,000.00) in settlement of his worker's compensation claim, that [CFI] would not seek its full reimbursement under the Ruediger formula...." Supporting this allegation was Defendant Fisher's affidavit which, in part, stated:

Dan Fowler told me that if I would agree to accept $10,000.00 as final settlement of my worker's compensation claim, my employer, Contract Freighters, Inc., "would work with me" on any subrogation claim that might be forthcoming from Contract Freighters, Inc., at the time I concluded my personal injury claim with Pilot Oil Corporation. At no time did Dan Fowler and I establish a percentage reduction in the Ruediger formula; however, it was my understanding from Mr. Fowler that Contract Freighters, Inc., would automatically agree to accept either one-half or two-thirds of its claimed amount under the Ruediger formula. At the time I accepted the $10,000.00 final settlement from Contract Freighters, Inc., it was my express understanding that only one-half or possibly two-thirds of any subrogation interest of Contract Freighters, Inc., would be returned to Contract Freighters, Inc. Accordingly, it was my belief that at no time would Contract Freighters, Inc., be entitled to obtain the entire amount provided under the Ruediger formula when I concluded my claim against Pilot Oil Corporation.

After a hearing on the motion for summary judgment, the amended judgment entered by the court awarded CFI $20,488.92 plus interest, based on the *Ruediger* formula. The court found that Defendant Fisher's affidavit "clearly shows that no legal [sic] enforcement [sic] agreement was made between Mr. Fisher and CFI."[1]

■ Defendants' first of four points is dispositive of this appeal. In that point, Defendants claim the trial court erroneously entered summary judgment in favor of CFI because the pleadings and affidavits showed the existence of a genuine issue of material fact in that "[a] disputed factual issue remained as to an agreement between Appellant Dwayne Fisher and Respondent's employee, Dan Fowler, regarding Contract Freighters, Inc.'s agreement to accept either two-thirds (⅔) or one-half

---

1. We infer the trial court meant to say that no legally enforceable agreement was made.

(½) of the established Ruediger formula as reimbursement."

In considering an appeal from the entry of a summary judgment, an appellate court reviews the record in the light most favorable to the party against whom the judgment was entered. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The review is essentially *de novo* with the appellate court employing the same tests as should be employed by the trial court in deciding whether to grant the motion. *Id.* "The propriety of a summary judgment is purely an issue of law." *Id.* The party against whom judgment is rendered is accorded the benefit of all reasonable inferences from the record. *Id.*

■ Summary judgment is granted only where no genuine issue of material fact exists, and judgment is proper as a matter of law. Rule 74.04(c)(3); *Cash v. Benward*, 873 S.W.2d 913, 915 (Mo.App.1994). "A genuine issue of material fact exists where the record contains competent evidence that two plausible but contradictory accounts of essential facts exist." *Id.* Furthermore, "a claimant moving for summary judgment in the face of an affirmative defense must also establish that the affirmative defense fails as a matter of law." *ITT Commercial Fin.*, 854 S.W.2d at 381.

■ We are also guided in this case by additional rules unique to appeals from summary judgment. "If the evidence presented to support or oppose the motion is subject to conflicting interpretations, or reasonable people might differ as to its significance, summary judgment is improper." *Rogers v. Illinois Central R.R. Co.*, 833 S.W.2d 426, 427 (Mo.App.1992). "Summary judgment should likewise be denied where the affidavits or other sworn statements require an evaluative judgment between two rationally possible conclusions, even if the court is convinced that the evidence makes it unlikely that a party can prevail at trial." *Id.*

Here, CFI's motion for summary judgment set forth competent evidence that Defendant owed $20,488.92 based on the *Ruediger* formula. Defendant's response alleged that CFI and Defendant Fisher agreed that CFI would not seek full reimbursement as dictated by *Ruediger* if Defendant Fisher would settle his workers' compensation claim for less than his demand. Admittedly, Defendant Fisher settled his claim with CFI for the lesser amount. Thus, if the record contains competent evidence of an agreement to settle CFI's subrogation claim for less than the full amount, then two plausible but contradictory accounts of essential facts exist. In that situation, summary judgment is improper due to a genuine issue of material fact, i.e., whether Defendant owes all or only part of CFI's claim.

■ CFI argues that Fisher's affidavit does not describe an enforceable agreement to reduce its subrogation claim. CFI's argument focuses on Fisher's statement that he and Fowler did not "establish a percentage reduction in the Ruediger formula...." If Fisher's affidavit had ended with that statement, CFI would be correct. No contract is formed where the parties reserve essential terms of the contract for future determination. *Stephens v. Brekke*, 977 S.W.2d 87, 93 (Mo.App. 1998).

However, Fisher's affidavit continued by describing an agreement with Fowler that "[CFI] would automatically agree to accept either one-half or two-thirds of its claimed amount under the Ruediger formula." Fisher also stated that it was his "express understanding that only one-half or possibly two-thirds of any subrogation interest of [CFI] would be returned to [CFI]." Thus, we must decide if Fisher's affidavit can be read to describe an agreement to reduce CFI's subrogation claim.

The *Rogers* case is instructive on this narrow issue. There, plaintiff brought a FELA action against his employer, a railroad company, for occupational hearing

loss. The trial court granted the defendant's motion for summary judgment which alleged that plaintiff's claim was time-barred. The trial court ruled the motion based on plaintiff's response to defendant's questionnaire, plaintiff's interrogatory answers, and plaintiff's affidavit in opposition to the motion.

On appeal, plaintiff successfully contended the trial court erred because a genuine issue of material fact existed as to when plaintiff's cause of action accrued. Although plaintiff's responses to defendant's questionnaire could be read as time-barring his claim, his interrogatory answers and affidavit stated that he could not determine when his hearing loss symptoms first appeared. *Rogers*, 833 S.W.2d at 428. The appellate court stated that "[t]he trial court is not the trier of fact in a summary judgment but must deny a motion for summary judgment if a factual issue exists." *Id.* at 429. The court found a factual dispute existed because plaintiff rebutted his questionnaire responses by his affidavit and interrogatory answers. *Id.* at 430. Obviously, *Rogers* is a case where the affidavits and sworn statements required an evaluative judgment between two rationally possible conclusions. For that reason, summary judgment was improper.

**2.** This view is required because we must accord Defendants the benefit of all reasonable

Here, as in *Rogers*, the evidence is subject to conflicting interpretations. Reasonable people could differ on the meaning of Fisher's affidavit. One view, apparently accepted by the trial court, could be that Fisher and Fowler never agreed on a percentage reduction of CFI's claim but agreed to "work" towards a reduced amount later. Another view could be that Fisher and Fowler agreed to reduce CFI's claim by at least one-third.[2] Deciding between these two rationally possible conclusions requires an evaluative judgment. Summary judgment is improper under these circumstances.

We therefore reverse and remand so that the issue of whether CFI agreed to reduce its subrogation claim can be determined along with other factual issues at trial.

Judgment is reversed and remanded.

PREWITT and BARNEY, J.J., concur.

inferences from the record. *ITT*, 854 S.W.2d at 376.