# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 7, 2008

## STATE OF TENNESSEE v. TONEKA Y. REID

**Appeal from the Circuit Court for Williamson County**
**No. II-CR012358     Timothy L. Easter, Judge**

---

**No. M2007-02572-CCA-R3-CD - Filed April 3, 2009**

---

The defendant, Toneka Y. Reid, appeals as of right from her jury conviction in the Williamson County Circuit Court of theft of property valued at five hundred dollars or less, a Class A misdemeanor. The trial court sentenced the defendant to eleven months and twenty-nine days to be served in jail. The defendant contends that the trial court erred in denying her motion to suppress and in denying probation or alternative sentencing. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P.  3 Appeal as of Right;  Judgment of the Circuit Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Dana M. Ausbrooks and David Ausbrooks, Assistant District Public Defenders, attorneys for appellant, Toneka Y. Reid.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Kim R. Helper, District Attorney General; and Derek K. Smith, Deputy District Attorney General, attorneys for appellee, State of Tennessee.

## OPINION

Franklin Police Officer Andre Davis testified that he received a call on September 28, 2006 from the Cool Springs Mall security office regarding a group of women suspected of shoplifting. Upon arrival, he and another officer noticed five women near the Claire's Boutique who fit the description provided by mall security. All the women were carrying shopping bags and one woman was carrying a purse that appeared to be stuffed with several items. When the women noticed the officers approaching, they left Claire's and began to walk toward the food court area of the mall.

Officer Davis stated that he approached the defendant and asked her if "she had anything in the bag that she shouldn't." He recalled that the defendant told him, "No." With the defendant's

consent, Officer Davis searched the Lane Bryant shopping bag to discover items from Wet Seal that still had the tags on them. When asked, the defendant told Officer Davis that she did not have a receipt for the items. At this point, two of the five women began making a scene by talking loudly and using profanity, so the officers decided to move their investigation to the mall security office.

Once at the security office, Officer Davis read the defendant her Miranda rights, and the defendant admitted that the items in her shopping bag were stolen. He recalled that the defendant told him that she had no job and that she made money as a "booster." Officer Davis described a booster as someone who takes orders from other individuals, shoplifts the items, and makes money from the individuals' purchase of the requested merchandise. He recalled that the defendant indicated that her booster activities were just an "every day thing." In addition to the merchandise recovered from the defendant, Officer Davis also found two detailed shopping lists of orders the defendant hoped to fill that week through her "booster" activities.

ANALYSIS

*Denial of Motion to Suppress*

The defendant contends that the trial court erred in denying her motion to suppress based upon her allegation that she was not properly advised of her Miranda rights prior to questioning by the police. The State contends that the record supports the trial court's findings that the defendant was advised and waived her rights prior to giving her statement to the police. Following our review, we agree with the State.

"[A] trial court's findings of fact in a suppression hearing will be upheld unless the evidence preponderates otherwise." State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996). Questions about the "credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." Id. Both proof presented at the suppression hearing and proof presented at trial may be considered by an appellate court in deciding the propriety of the trial court's ruling on a motion to suppress. State v. Henning, 975 S.W.2d 290, 299 (Tenn. 1998); State v. Perry, 13 S.W.3d 723, 737 (Tenn. Crim. App. 1999). However, the prevailing party "is entitled to the strongest legitimate view of the evidence adduced at the suppression hearing as well as all reasonable and legitimate inferences that may be drawn from the evidence." Odom, 928 S.W.2d at 23. Furthermore, an appellate court's review of the trial court's application of law to the facts is conducted under a de novo standard of review. State v. Walton, 41 S.W.3d 75, 81 (Tenn. 2001) (citations omitted).

In Miranda v. Arizona, 384 U.S. 436, 471-75, 86 S. Ct. 1602, 1626-28 (1966), the United States Supreme Court held that a defendant's statements made during a custodial interrogation are inadmissible at trial unless the State establishes that the defendant was informed of his right to remain silent and his right to counsel and that he knowingly and voluntarily waived those rights. Whether the defendant made a voluntary, knowing, and intelligent waiver of those rights depends

"'upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.'" Edwards v. Arizona, 451 U.S. 477, 482, 101 S. Ct. 1880, 1884 (1981) (quoting Johnson v. Zerbst, 304 U.S. 458, 464, 58 S. Ct. 1019, 1023 (1938)). The waiver must be "'made with full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.'" State v. Blackstock, 19 S.W.3d 200, 208 (Tenn. 2000) (quoting State v. Stephenson, 878 S.W.2d 530, 544-45 (Tenn.1994)). The State has the burden of proving the waiver by a preponderance of the evidence. State v. Bush, 942 S.W.2d 489, 500 (Tenn.1997).

Officer Davis testified at the suppression hearing that when he took the defendant to the mall security office, he advised her of her Miranda rights before questioning her any further. He stated that she indicated that she understood her rights and agreed to speak with him. Although Officer Davis did not recite the warnings from a written form or card, he testified regarding what he told the defendant and the advised rights, as testified to, conformed to Miranda. The defendant never asked for an attorney or asked to cease questioning. He explained that he did not have a written waiver form because the questioning occurred away from the police station. On cross-examination, he denied that the defendant asked to speak to her attorney, Ed Swinger. He did state that although the defendant was not handcuffed, she was not free to leave once he took the women to the mall security office.

The defendant testified that she asked another officer if she could call Ed Swinger, her attorney. The defendant claimed that she was handcuffed and escorted downstairs to the mall security office. The defendant denied making any admissions to Officer Davis. On cross-examination, the defendant claimed that she was returning a pair of jeans to exchange for a larger size. She acknowledged that she never told Officer Davis that she wanted to speak to an attorney. She also acknowledged that she had been convicted four times previously of theft valued at under five hundred dollars and ten times for various other offenses. When asked for an explanation regarding all the other items found in the Lane Bryant bag and her purse, the defendant could offer none.

Franklin Police Department Officer Robert B. Rose testified that he assisted Officer Davis in the investigation. He stated that none of the women requested an attorney at any time while being questioned. Franklin Police Department Officer Tommy Justus testified that none of the women requested an attorney and that he never heard the name "Ed Swinger" specifically mentioned at any time during the investigation. He further testified that if a suspect requests an attorney, an officer must cease questioning.

The trial court credited the testimony of the officers that the Miranda warnings were given to the defendant prior to questioning. The trial court further found that the warnings sufficiently advised the defendant of her rights and that the totality of the circumstances showed an understanding, knowing and voluntary waiver of those rights. The defendant was also not unfamiliar with the criminal justice system in light of her self-acknowledged lengthy criminal history. Based

upon the evidence presented at the evidentiary hearing, we conclude that the evidence does not preponderate against these findings. The defendant is denied relief on this issue.

*Denial of Alternative Sentencing*

The defendant also contends that the trial court erred in denying her probation or alternative sentencing. The jury convicted the defendant of theft of property valued at less than five hundred dollars, a Class A misdemeanor. The jury imposed a fine of $1500, which the trial court reduced to $1000 at sentencing upon the defendant's motion. The trial court imposed a sentence of eleven months and twenty-nine days to be served at seventy-five percent based upon the defendant's history of criminal convictions and her admission that shoplifting was her profession. The trial court also denied probation and alternative sentencing based upon the defendant's criminal history, the defendant's past failed efforts at rehabilitation, the need to avoid depreciating the seriousness of the offense, and the defendant's admitted involvement "in a profession whose goal is to steal and sell stolen merchandise."

Misdemeanor sentencing is controlled by Tennessee Code Annotated section 40-35-302, which provides that the trial court shall impose a specific sentence consistent with the purposes and principles of the 1989 Criminal Sentencing Reform Act. Tenn. Code Ann. § 40-35-302(b). Misdemeanor sentencing is designed to provide the trial court with continuing jurisdiction and a great deal of flexibility. See State v. Troutman, 979 S.W.2d 271, 273 (Tenn. 1998); State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997). In misdemeanor sentencing, the trial court retains the authority to place the defendant on probation either immediately or after a time of periodic or continuous confinement. See id. § (e).

The record reflects that the defendant has been previously convicted of four offenses involving the theft of property valued at five hundred dollars or less. Her criminal history also reflects five misdemeanor assault convictions and two criminal trespass convictions. The defendant's probation has been revoked in the past. She admitted to the police that she did not work because she earned money by shoplifting and selling the merchandise. The record reflects that the trial court gave ample consideration to the purposes and principles of our sentencing act in determining the defendant's sentence and in denying her probation or alternative sentencing. We conclude that the defendant's sentence should be affirmed.

CONCLUSION

In consideration of the foregoing, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

-4-