**Jacob JOHNSON, Plaintiff/Appellant,**

*v.*

**NORFOLK & WESTERN RAILWAY CO., Defendant/Respondent.**

No. 61224.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 4, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Sept. 14, 1992.

Douglas A. Forsyth, Gail N. Gaus–Renshaw, Wood River, Ill., for plaintiff/appellant.

Douglas K. Rush, Frank N. Gundlach, Richard Saville, St. Louis, for defendant/respondent.

CARL R. GAERTNER, Judge.

Plaintiff Jacob Johnson appeals from the trial court's judgment granting defendant Norfolk & Western Railway Company's (N & WR) motion for summary judgment on grounds that the statute of limitations had run on Johnson's action brought under the Federal Employers Liability Act (FELA), 45 U.S.C. § 51 *et seq.* For the reasons set forth below, we affirm.

Johnson worked for N & WR as a switchman for 39 years until he retired in September 1987. Johnson claims that during his tenure he was exposed to loud noises from train engines, whistles, bells, brakes and the coupling of railroad cars. Sometimes he felt a "numbness" immediately after being exposed to the loud noises, but these sensations quickly subsided. He experienced this numbness throughout his career with N & WR.

A few years before his retirement, Johnson began having difficulty hearing telephone conversations and the television, and his wife began "nagging" him about his hearing problems. She convinced him in 1986 to see a physician to have his ears cleaned, but the physician did not diagnose his hearing loss.

Johnson alleges he learned in the middle of 1988 that loud noise causes hearing loss and that he might have a hearing problem after he discovered several of his former co-workers had filed FELA lawsuits against N & WR. He then talked to an N & WR claims agent and filled out a questionnaire. In January 1989, Johnson visited a physician for an audiogram which indicated he suffers from high frequency hearing loss.

On March 15, 1990, Johnson filed a petition in the Circuit Court of St. Louis, alleging that due to N & WR's negligence he incurred medical expenses and suffered permanent hearing loss, ringing in the ears, extreme pain and mental anguish. Supported by plaintiff's interrogatory answers and deposition testimony, N & WR moved for summary judgment, claiming that FELA's three-year limitation barred Johnson's suit.

In support of its summary judgment motion, N & WR pointed to the questionnaire Johnson filled out September 30, 1988. In the questionnaire, Johnson responded as follows:

Question: Do you think you have a hearing problem?

Answer: Yes

Question: If yes, how long have you known?

Answer: Appr. 5 years.

Question: Do you think it might be related to your railroad employment?

Answer: Yes.

Question: If yes, how long have you thought so?

Answer: 5 years....

Question: If you have problems with your ears, please list *all* complaints.

Answer: Wife complains about TV being loud. Daughter complains can't hear telephone. Son thinks he will send a phone adapter so I can understand our telephone conversations.

N & WR claims these responses prove Johnson was aware of his injury and its cause as early as September 1983. Therefore, the statute of limitations expired three and a half years before he filed suit.

In reviewing the entry of summary judgment, the court must scrutinize the record in the light most favorable to Johnson, the non-moving party, and grant him the benefit of every doubt. *Germania Bank v. Thomas*, 810 S.W.2d 102, 105 (Mo.App. 1991); Rule 74.04(c). Summary judgment

is only appropriate when the pleadings, depositions, affidavits, answers to interrogatories, admissions and exhibits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Id.* If there is the slightest doubt about the facts, a material issue of fact exists. *Triggs v. Risinger,* 772 S.W.2d 381, 382 (Mo.App.1989).

FELA cases are governed by federal law. *Kestner v. Missouri Pacific R. Co.,* 785 S.W.2d 646, 647 (Mo.App.1990). No cause of action may be maintained under the statute "unless commenced within three years from the day the cause of action accrued." 45 U.S.C. § 56. Johnson filed his suit on March 15, 1990. Thus, his claim is barred if it accrued before March 15, 1987.

Often it is clear from the nature of the injury when the statute of limitations begins to run. However, with occupational diseases, as in the case at bar, a plaintiff may be unaware of when or how the injury occurs. To prevent hardship in such cases, the United States Supreme Court fashioned a "discovery rule" to determine when the statute of limitations begins to run. *Urie v. Thompson,* 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949); *United States v. Kubrick,* 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979).[1] Initially, under the discovery rule, a FELA cause of action accrued when the plaintiff became aware of his injury and its cause. *Urie* 337 U.S. at 170, 69 S.Ct. at 1025; *Kubrick* 444 U.S. at 122, 100 S.Ct. at 359.

■ Federal courts subsequently described the discovery rule as an objective test of the plaintiff's awareness of his injury and its cause. Under this formulation, a FELA cause of action for an occupational disease accrues when the plaintiff knows *or should have known,* in the exercise of reasonable diligence, the critical facts of his injury and its cause. *DuBose v. Kansas City Southern Ry. Co.,* 729 F.2d 1026, 1030–31 (5th Cir.1984); *Kichline v. Consolidated Rail Corp.,* 800 F.2d 356, 359 (3d Cir.1986); *Albert v. Maine Cent. R. Co.,*

905 F.2d 541, 544 (1st Cir.1990); *Fries v. Chicago & Northwestern Trans. Co.,* 909 F.2d 1092, 1095–96 (7th Cir.1990) (emphasis added). Therefore, the court must determine whether the plaintiff was "armed with sufficient facts, more than three years before filing [an] action, with which reasonable persons could have protected themselves by seeking advice in the medical and legal community." *Bechtholdt v. Union Pacific R. Co.,* 722 F.Supp. 704, 707 (D.Wyo.1989).

■ Johnson first contends that his long-term exposure to hearing hazards amounts to continuous tortious conduct; therefore, the statute of limitations did not begin running until September 1987, the date of his retirement and his last exposure to the loud noises. In two recent cases, we have held the continuous tort doctrine does not apply to FELA hearing loss cases. *See Lloyd v. Missouri Pacific Railroad Co.,* 832 S.W.2d 310 (Mo.App.E.D.1992); *Alexander v. Missouri Pacific Railroad Co.,* 827 S.W.2d 757 (Mo.App.1992). This point is denied.

■ Johnson further contends the statute of limitations cannot begin to run in a FELA hearing loss case until the injured party has actual knowledge of his injury and its cause. Because it is difficult to distinguish permanent from temporary hearing loss, Johnson asserts that an injured party may only discover permanent hearing loss through medical diagnosis. Therefore, he argues, the statute of limitations has not run because he was medically diagnosed with permanent hearing loss in January 1989, fifteen months before he filed his claim.

However, a number of federal courts have rejected this subjective actual knowledge theory. *DuBose* at 1031; *Albert* at 544; *Fries* at 1094–96; *Bechtholdt* at 707; *Jones v. Maine Central R. Co.,* 690 F.Supp. 73, 74 (D. Maine 1988). The discovery rule is an *objective test* of the plaintiff's awareness. *DuBose* at 1030–31;

---

**1.** *Kubrick* is a medical malpractice case. However, for purposes of determining the date a cause of action accrues and the statute of limita-
tions begins to run, the discovery rule is identical in malpractice and FELA cases.

*Kichline* at 359; *Albert* at 544; *Fries* at 1095. Rather than waiting for a physician's diagnosis, a plaintiff has an affirmative duty to investigate his injury and any suspect cause once he experiences symptoms. *Albert* at 544; *Fries* at 1095–96. Otherwise, the *Fries* court noted, a plaintiff could "unilaterally postpone the running of the statute of limitations by negligently failing to investigate the fact of and cause of his injury," which would thwart the statute's purpose of encouraging prompt presentations of claims. *Fries* at 1096. Therefore, we reject Johnson's contention that his cause of action accrued in January 1989, when he was diagnosed with permanent hearing loss.

Finally, Johnson argues that his responses to the questionnaire are not dispositive of when his cause of action accrued. His subsequent interrogatory and deposition answers, Johnson argues, put at issue the meaning of his questionnaire responses and thus create a material issue of fact.

To support his argument, Johnson cites *Rogers v. Illinois Cent. R. Co.*, 833 S.W.2d 426 (Mo.App.E.D.1992). During his 17 years of employment at Illinois Central, Rogers suffered permanent hearing loss due to his exposure to various railroad noises. *Id.* at 426–427. The trial court granted Illinois Central's motion for summary judgment based upon Rogers' responses to a questionnaire in which he admitted knowing seven years earlier of his injury and its cause. *Id.* at 427, 428. We reversed the entry of summary judgment, concluding that a material issue of fact existed as to when Rogers' cause of action accrued because Rogers' interrogatory answers and affidavit rebutted his admissions in the questionnaire. *Id.* at 429, 430.

Rogers refused to admit the accuracy of his questionnaire statements and instead asserted that his responses were not facts within his knowledge but were mere assumptions based upon retrospection. *Id.* at 429. Thus, a question of fact precluding summary judgment existed by virtue of Rogers' rebuttal of his own prior admissions.

Unlike Rogers, Johnson has not cast doubt upon the accuracy of his questionnaire responses. On the contrary, he testified in his deposition that in answering the questionnaire he was as honest as he could be and that he had no reason to doubt the accuracy of his answers. We are cognizant of his deposition testimony that he did not know he had work-related hearing loss until he learned in 1988 of the lawsuits filed by his fellow employees and he had an audiogram in 1989. The irrelevance of the discrepancy between this testimony and his questionnaire responses, showing that he thought he had an employment related hearing problem for five years prior to 1988 becomes apparent when viewed in the light of the federal decisions holding actual knowledge of an injury and its work related causation is not necessary to the accrual of a FELA cause of action. *Fries v. Chicago & Northwestern Transportation Co.*, 909 F.2d at 1096. Rather, *Urie v. Thompson, supra*, and *Kubrick v. United States, supra*, employ an objective inquiry as to when plaintiff knew or in the exercise of reasonable diligence should have known the essential facts of injury and causation. This rule imposes upon an injured plaintiff "an affirmative duty to investigate the potential cause of his injury." *Fries*, at 1095. This duty arises not at the time of medical diagnosis, but upon the experiencing of symptoms. *Id.* at 1096.

Johnson acknowledges he experienced hearing loss symptoms for many years before his retirement. For a period of eight or ten years, he complained at safety meetings to his supervisors concerning the excessive noise. His wife and family persisted in nagging him about his hearing loss over many years. Under *Urie* and *Kubrick*, these facts suffice to impose a duty of inquiry upon a reasonable man and to commence the running of the statute of limitations. Johnson's claims that he did not know of his hearing loss and its cause until medically diagnosed are irrelevant. Johnson's testimony that because of his vanity he chose to ignore his family's complaints concerning his hearing loss and that he was reluctant to accept the fact that he was undergoing a hearing problem are obviously subjective considerations. The test for determining when the FELA statute of

limitations begins to run is an objective test—when a reasonably diligent man should have investigated his symptoms and their cause. By his own deposition testimony, as well as by his questionnaire answers, Johnson was experiencing symptoms of hearing loss and complaining about excessive work noise at safety meetings for many years prior to his retirement. He had no reason to suspect his symptoms had any cause other than his employment. "To allow a plaintiff to unilaterally postpone the running of the statute of limitations, by failing to investigate the fact of and cause of his injury would thwart the legislative intent of 45 U.S.C. § 56." *Fries* at 1096.

The judgment is affirmed.

GRIMM, P.J., concurs.

CRANDALL, dissents in separate opinion.

CRANDALL, Judge, dissenting.

I dissent.

Plaintiff's response in the questionnaire that his hearing problem "might be" related to his railroad employment is vague and speculative in nature. When questioned in his deposition, plaintiff expressed uncertainty about the meaning of his answers in the questionnaire. He stated: "See, the question means one thing and I answered it thinking it meant something else, you know, that's something else."

Plaintiff's answers in the questionnaire and answers in his deposition are simply evidence bearing on the issue of whether he should have known of the cause of his injury. The equivocal phrase "might be" fails to rise to the level of proof required for summary judgment. *See Kestner v. Missouri Pacific R. Co.,* 785 S.W.2d 646 (Mo.App.1990). The inferences and ultimate conclusions to be drawn from the answers given by plaintiff are questions of fact that cannot be decided as a matter of law. Because reasonable people might differ as to the evaluative judgment to be given to the evidence in this record, summary judgment was improper. *United States v. Conservation Chemical Co.,* 619 F.Supp. 162, 179 (W.D.Mo.1985).

For the foregoing reasons I would reverse the grant of summary judgment and remand the cause to the trial court.