Esdress BARNES, Jr., Appellant,

v.

UNION PACIFIC RAILROAD COMPANY, Respondent.

No. 64235.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 28, 1993.

Daniel R. Devereaux, St. Louis, Richard A. Galosy, Clayton, for appellant.

Theodore J. Williams, Jr., St. Louis, for respondent.

CRIST, Judge.

Esdress Barnes, Jr. (Employee) appeals from an order granting summary judgment in favor of Union Pacific Railroad Company (Employer) in Employee's suit to recover for occupational hearing loss under the Federal Employers' Liability Act (FELA). We reverse and remand.

Employer hired Employee as a machine operator in 1981. As a machine operator, Employee was required to operate various equipment including jackhammers and snowblowers on a daily basis. Before Employee came to work for Employer, he had no hearing problems.

In 1984 or 1985, Employee complained about the noise level on his job at a safety meeting. At that time, his supervisor told him people had been working on those same machines for years without any hearing problems. Around 1986 Employee began to experience symptoms of hearing loss, which have gradually become worse. In 1986, his hearing was tested at the Employer's hearing van, where it was recommended he see a doctor for further testing. In 1987, Employer's doctor at Deaconess Hospital told him he had only a borderline hearing loss and he did not know what had caused it.

In 1990, Employee continued to complain about the noise at work and problems with hearing his two-way radio. Employee believed he could not hear the radio because of the excessive noise on his machine, not because of hearing loss. At that time, Employer again sent Employee to its doctor at St. Louis University Medical Center. That doctor told Employee he did have a hearing loss but it was hereditary. Finally, in 1991, after his condition worsened, Employee sought out his own doctor who performed hearing tests. At that time, he was told his hearing loss was caused by excessive noise at work.

Employee filed suit on July 18, 1991. In his petition, Employee alleged negligence of Employer, including negligence in failing to provide adequate ear protection, failure to reduce noise levels, and exceeding the maxi-

mum noise levels allowed by federal regulations. In Count I, Employee brought suit under FELA, 45 U.S.C. §§ 51–60, alleging Employer's negligence was the direct cause of his permanent hearing loss. Employee also alleged in Count II Employer had violated the Boiler Inspection Act, 45 U.S.C. §§ 22 and 23, through the same acts. Employer filed an answer, asserting as an affirmative defense Employee had failed to file the action within the required statute of limitations.

On May 28, 1993, Employer filed a motion for summary judgment. Employer asserted no genuine issue of material fact existed, and it was entitled to judgment as a matter of law because Employee's actions were barred by the statute of limitations in 45 U.S.C. § 56. Employer attached to its motion Employee's answers to interrogatories and an occupational illness report filed by Employee with Employer. Employee responded with an affidavit and a memorandum. The trial court sustained Employer's motion for summary judgment. On appeal, Employee contends the trial court erred because a genuine issue of material fact exists regarding when his cause of action accrued.

Rule 74.01 provides summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." To succeed in its motion for summary judgment, Employer must show no genuine dispute exists about each of the facts necessary to support its affirmative defense that Employee's suit is barred by the statute of limitations. *See, ITT Commercial Finance v. Mid–Am. Marine,* 854 S.W.2d 371, 381 [16] (Mo. banc 1993). Genuine dispute "exists where the record contains competent materials that evidence two plausible, but contradictory, accounts of the essential facts." *Id.* at 382 [17].

Both of Employee's claims are prosecuted under federal law, 45 U.S.C. §§ 51–60. *Johnson v. Norfolk & Western Ry. Co.,* 836 S.W.2d 83, 85 (Mo.App.1992); *Green v. River Terminal Ry.,* 763 F.2d 805, 810 (6th Cir.

1985) (an action brought under the Boiler Inspection Act is prosecuted under FELA). Chapter 45 U.S.C. § 56 provides no action can be maintained under Chapter 45 "unless commenced within three years from the day the cause of action accrued." Employee filed his petition on July 18, 1991. Therefore, Employee's claim will be barred if it accrued before July 18, 1988.

■ Pursuant to the discovery rule, an occupational disease is deemed to accrue under FELA when an employee objectively "is aware or has reason to be aware that he [or she] has been injured and is aware or has reason to be aware of the cause of his [or her] injury." *Lloyd v. Missouri Pacific R. Co.,* 832 S.W.2d 310, 312 [1] (Mo.App.1992); *See also, United States v. Kubrick,* 444 U.S. 111, 122, 100 S.Ct. 352, 359, 62 L.Ed.2d 259 (1979); *Urie v. Thompson,* 337 U.S. 163, 170, 69 S.Ct. 1018, 1024, 93 L.Ed. 1282 (1949); *DuBose v. Kansas City Southern Ry. Co.,* 729 F.2d 1026, 1030 [3] (5th Cir.1984). In addition, whether Employee may be charged with awareness his injury is connected to some cause depends upon many factors "including how many possible causes exist and whether medical advice suggests an erroneous causal connection or otherwise lays to rest [his] suspicion regarding what caused his injury." *DuBose,* 729 F.2d at 1031 [4]; *See also, Kestner v. Missouri Pacific R. Co.,* 785 S.W.2d 646, 647 (Mo.App.1990).

■ Employer contends the interrogatories and the questionnaire filled out by Employee indicate he was aware or should have been aware his hearing loss might be due to work conditions. Employer specifically points to the following facts: (1) Employee had never experienced hearing problems prior to his employment with Employer in 1981; (2) since 1981, Employee has worked continuously with machines producing loud noises and Employee complained about the loud noise as early as 1984 or 1985; (3) Employee took steps to protect his hearing by wearing ear protection as early as 1984; and (4) Employee admitted in his questionnaire he was told in 1986 in the company hearing van that exposure to loud noises could cause hearing problems.

To support its argument, Employer relies upon *Johnson*, 836 S.W.2d at 83. In that case, Johnson brought suit to recover for his occupational hearing loss while working for Norfolk & Western Railway. The railroad moved for summary judgment, contending Johnson was aware of his injury before the statute of limitations deadline. *Id.* at 84. Johnson countered, arguing while he may have suspected a hearing loss, he had never had an actual medical diagnosis of such loss. *Id.* at 85. This court found Johnson's suit was barred by the statute of limitations because in the exercise of reasonable diligence, he could have discovered his hearing loss. *Id.* at 86.

*Johnson* is distinguishable. First, the evidence in *Johnson* established Johnson had known of his hearing loss and thought it was related to his work for five years before filing suit. In the case at hand, the evidence at most reveals Employee was aware loud noises could cause hearing problems. No evidence exists to show Employee had ever unequivocally stated prior to 1991 he believed his hearing problem was related to his work environment.

In addition, Johnson never attempted to have his problem diagnosed, even though he experienced hearing loss symptoms for many years. Under the particular facts of his case, the court held Johnson should have been aware of it without medical diagnosis. In the case at hand, Employee did investigate his problem. He did receive several medical diagnoses. Moreover, Employee averred in his affidavit he was delayed in becoming aware of the actual cause of his hearing loss by statements made to him by Employer's doctors and representatives, including a statement his hearing loss was hereditary.

Employee's statements in his affidavit create a genuine dispute about whether he should have known the cause of his hearing loss when Employer's representatives were making contradictory statements. *See, Kestner*, 785 S.W.2d at 648 (employee sought medical advice, yet none told him the cause was his work). Where the evidence raises different inferences, the time at which Employee knew or should have known of his impairment and its cause is for the jury to determine. *Rogers v. Illinois Cent. R. Co.*, 833 S.W.2d 426, 428 (Mo.App.1992).

Reversed and remanded.

CRANDALL, P.J., and REINHARD, J., concur.