

# In the Missouri Court of Appeals
## Eastern District
### DIVISION TWO

| | | |
|---|---|---|
| Clinton Wheeler, | ) | No. ED104131 |
| | ) | |
| Appellant, | ) | |
| | ) | Appeal from the Circuit Court |
| | ) | of Ste. Genevieve County |
| vs. | ) | Cause No. 15SG-CC00182 |
| | ) | |
| Edward Eftink, | ) | Honorable Wendy Wexler Horn |
| | ) | |
| Respondent. | ) | Filed: November 8, 2016 |

### OPINION

Clinton Wheeler ("Plaintiff") appeals the trial court's dismissal of his claim based on his failure to diligently prosecute Edward Eftink ("Defendant"). The parties are familiar with the facts and we will not recite them here. Nonetheless, we will discuss the facts as they relate to the issues on appeal. Plaintiff failed to demonstrate the trial court abused its discretion by dismissing his claim. Accordingly, we affirm.

### I.      Standard of Review

While exercising sound judicial discretion, trial courts have an inherent power to dismiss a case for failure to prosecute with due diligence. *Shirrell v. Missouri Edison Co.*, 535 S.W.2d 446, 448 (Mo. banc 1976). We acknowledge the trial court is in a superior position to determine who caused the delay and if such delay was prejudicial to the defendant. *State ex rel. Missouri Highway & Transp. Comm'n v. Moulder*, 726 S.W.2d 812, 813 (Mo. App. S.D. 1987)

1

(explaining that the trial court has "intimate knowledge of all aspects of the case[.]").

Accordingly, we give great deference to the trial court, and its dismissal will not be disturbed

unless we find an abuse of discretion. *Shirrell*, 535 S.W.2d at 448. We presume the trial court's

ruling is correct, and the appellant bears the burden of showing the court abused its discretion.

*Id*. at 449.

A trial court only abuses its discretion when its "ruling is clearly against the logic of the

circumstances then before the court and is so unreasonable and arbitrary that it shocks the sense

of justice and indicates a lack of careful, deliberate consideration." *Lozano v. BNSF Ry. Co.*, 421

S.W.3d 448, 451 (Mo. banc 2014). We will uphold the ruling if it was proper on any grounds,

even if such grounds were not the basis for the trial court's ruling. *Id.*

## II.     Discussion

In Plaintiff's sole point on appeal, he argues that the trial court "erred" in dismissing his

claim because it was "timely filed" and complied with the requirements set forth in §§ 516.100,

516.120, and 516.230[1] of the Missouri Revised Statutes and Missouri Supreme Court Rules

67.01, 67.02, and 67.03.[2] Plaintiff must show that the trial court's dismissal of Cause 15SG-

CG00182, with prejudice, was "arbitrary," "unreasonable," and clearly against the logic of the

circumstances before the court." *Peet v. Randolph*, 103 S.W.3d 872, 876-877 (Mo. App. E.D.

2003). However, Plaintiff never acknowledges the appropriate standard of review. Furthermore,

he does not argue that the trial court abused its discretion or rendered an "unreasonable" or

"arbitrary" judgment. He merely asserts the trial court "erred," and he fails to demonstrate the

court abused its discretion in dismissing his claim. Accordingly, we affirm the trial court.

---

[1] All references statutory references are to RSMo 2000.
[2] All references to Rules are to Missouri Supreme Court Rules (2015).

Missouri law requires a plaintiff to promptly secure service against a defendant and advance his cause of action with due diligence. *Stephens v. Dunn*, 453 S.W.3d 241, 254 (Mo. App. S.D. 2014) (*citing Atkinson v. Be-Mac Transport, Inc.* 595 S.W.2d 26, 28 (Mo. App. E.D. 1980)). Here, Plaintiff must show that the trial court abused its discretion in dismissing his cause, with prejudice, based on Plaintiff's failure to diligently prosecute his claim against Defendant for an automobile accident that occurred on March 3, 2006.[3] *Peet*, 103 S.W.3d at 876. A fair test of whether a trial court abused its discretion in dismissing a case for failure to prosecute with due diligence is whether the plaintiff had a *reasonable opportunity* to resolve the matter at trial. *Branson Hills Associates, L.P. v. First Am. Title Ins. Co*., 258 S.W.3d 568, 573 (Mo. App. S.D. 2008). Mere delay in prosecution is insufficient to justify dismissal. *West Central Concrete, LLC v. Reeves*, 310 S.W.3d 778, 783 (Mo. App. W.D. 2010). There must be some evidence that the delay was unnecessary to justify a trial court's dismissal for failure to prosecute. *Townsend v. Union Pacific R. Co.*, 968 S.W.2d 767, 770 (Mo. App. E.D. 1998).

### A. Reasonable Opportunity

In this case, Plaintiff had ample opportunity to bring the matter to trial. Plaintiff's claim is based on an underlying automobile accident that Plaintiff alleges Defendant negligently caused. The relevant automobile accident occurred on March 3, 2006. Plaintiff and his wife both filed a suit as plaintiffs against Defendant in October of 2006. A trial was scheduled to commence in May of 2008. All three parties were deposed. Additionally, Defendant's treating physician was deposed to testify on Defendant's behalf, as well as other witnesses. Before trial began Defendant made a motion for summary judgment, and the court held a hearing for the

---

[3] In Plaintiff's first lawsuit, which was filed on October 23, 2006, Plaintiff alleged he was injured in a motor vehicle accident on March 8, 2006. However, in his third action, which is the case on appeal, he alleged the underlying accident occurred on March 3, 2006.

3

parties' arguments on May 6, 2008. On that date, Defendant and Plaintiff's wife settled her claim, and Plaintiff voluntarily dismissed his claim.

For nearly three years after his voluntary dismissal, Plaintiff made no effort to proceed with his claim. On March 2, 2011, Plaintiff re-filed the case pro se. A summons for Defendant was issued, but it was returned *non est* on March 23, 2011, because Defendant had moved. However, Defendant's new address was included on the returned summons. The case remained dormant for more than three years until August of 2014, when the court sent a notice to Plaintiff explaining that the case was going to be put on the dismissal docket due to its inactivity. The court held a dismissal conference hearing on October 7, 2014. Plaintiff failed to attend the conference, and the trial court dismissed the case without prejudice. Approximately ten months after the dismissal, Plaintiff re-filed his claim, which is the subject of this appeal, a third time on September 16, 2015. Plaintiff's petition was substantially similar to his first two, however, he alleged an additional, new injury caused by Defendant ("seizure episodes"). This suit was filed more than nine and a half years after the automobile accident and approximately nine years after Plaintiff's original suit. Based on the foregoing, the record shows Plaintiff had "reasonable opportunity to bring the matter to trial."

### B. Unjustified Delay

Additionally, Plaintiff failed to demonstrate that his delay in prosecution was justified. During the motion to dismiss hearing, Plaintiff contended that one of the reasons for the delay in the case was Plaintiff's inability to locate and serve Defendant notice of the pro se suit filed on March 2, 2011. Plaintiff claimed he could not find Defendant and "[t]he only thing [he] found out about [Defendant was], he moved somewhere into…the State of Oklahoma." However, the returned summons clearly listed Defendant's new address. Thus, Plaintiff could have discovered

4

where Defendant had moved and properly served him with any reasonably diligent effort. Instead, Plaintiff's suit laid dormant for three and a half years without Plaintiff taking any steps to prosecute his case or serve Defendant.

In Plaintiff's appellate brief, he primarily argues that his cause of action was filed within the statute of limitations, and therefore, not time barred by any Missouri statutes.[4] However, whether Plaintiff brought the cause of action before the statute of limitations ran is not at issue in this case. The trial court's dismissal with prejudice was based on Plaintiff's failure to diligently pursue his cause of action against Defendant under Rule 67.03; it was not based on Defendant raising an affirmative defense based on the statute of limitations tolling. Moreover, Defendant does not even argue that the lawsuit is time-barred. Accordingly, the fact that the Plaintiff filed the cause of action before the statutory deadline is uncontroverted.[5] Nonetheless, it is immaterial to Plaintiff's appeal, and our analysis focuses on whether Plaintiff failed to diligently prosecute his claim against Defendant.

Plaintiff primarily relies on *Giles v. Carmi Flavor and Fragrance Company, Inc.* to support his argument that he diligently prosecuted his claim. 475 S.W.3d 184 (Mo. App. W.D. 2015). However, in that case the trial court found that the plaintiff filed his suit outside of his five year statute of limitations and entered summary judgment for the defendant. The sole issue on appeal was determining when the plaintiff's cause of action should have been "deemed to accrue." *Id.* at 188.

---

[4] Plaintiff concludes his appellate brief by stating, "Therefore, [Plaintiff] suggests that [Plaintiff's] filing of his lawsuit against [Defendant]…is within the five year statute of limitations of Sections 516.100 RSMo and 516.120 RSMo, and the one year savings provided by Section 516.230 RSMo."
[5] Plaintiff's statute of limitations for his action was originally five years under § 516.120, and it was extended one more year by savings provision of § 516.230.

5

In *Giles*, the plaintiff worked for one of the defendants[6] at a facility where he was exposed to a chemical called diacetyl. *Id*. at 185. The plaintiff brought a claim against the defendants for exposing him to this chemical and causing his lung condition called bronchiolitis obliterans. *Id*. at 188. After filing the suit on January 4, 2012, the plaintiff voluntarily dismissed the case. *Id.* at 187. The plaintiff then re-filed his suit on December 3, 2013, and the trial court dismissed the suit, explaining the claim was filed outside of the five-year statute of limitations. *Id*. The parties agreed that the action was filed on January 4, 2012, and the operative date to determine whether the action was timely filed was January 4, 2007. *Id*. at 188. The defendants argued that the plaintiff's cause of action began to accrue in 2001-2002 or 2005 when he saw two different pulmonologists who examined his lungs. *See id*. 193-94. The plaintiff saw both doctors because he was experiencing "shortness of breath, coughing, and wheezing." *Id*. at 185. Both doctors acknowledged the *possibility* that his lung troubles were caused by exposure to diacetyl while at his workplace, but both ultimately concluded his ailments were caused by asthma. *Id.* at 186-87. The plaintiff argued that his claim did not begin to accrue until he was examined by another doctor[7] in "November or December of 2011," who officially "diagnosed him with bronchiolitis obliterans, caused by exposure to diacetyl." *Id*. at 187.

For the plaintiff's claim to have been filed within the statute of limitations, the date his claim "accrued" must have been on January 4, 2007, or later. *Id*. at 188. A claim does not begin to accrue until damages are "capable of ascertainment." *Id*. at 189. The Missouri Supreme Court explained:

> [T]he test for when damages are capable of ascertainment and thus when the statute of limitations begins to run [is] when the 'evidence was such to place a reasonably prudent person on notice of a potentially actionable injury…[a]t that point, damages

---

[6] In addition to his former employer, the plaintiff sued several companies who "designed, manufactured, and/or sold" the products containing diacetyl that he was exposed to at his workplace.
[7] This doctor was an occupational physician.

would be sustained and capable of ascertainment as an objective matter [or, in other words,] that is the moment when the damages would be substantially complete.' *Id*. at 189. (quoting *Powel v. Chaminade College Prepatory, Inc.*, 197 S.W.3d 576, 582 (Mo. banc 2006)).

In *Giles*, the trial court concluded that there was "no genuine issue of material fact" because the plaintiff's action accrued at some point "prior to 2007," and was thus time-barred. *See id.* The appellate court disagreed, noting that "[a]lthough it *may* be the case that a reasonably prudent person in [the plaintiff's] position would have been on notice of a potentially actionable injury prior to 2007…this conclusion does not follow as a matter of law." *Id*. at 193. (emphasis added). Accordingly, the Western District reversed and remanded the cause for proceedings to determine the factual issue of when the plaintiff's claim became "capable of ascertainment," and thus, when the plaintiff's claim began to accrue. *Id*. at 194.

*Giles* in unpersuasive for several reasons. First, *Giles* focuses *solely* on whether the plaintiff's case was filed before the applicable *statute of limitations*. The case does not touch upon, even tangentially, whether the plaintiff failed to diligently prosecute his claim, which is the *sole issue* on appeal.

Presumably, Plaintiff's argument that *Giles* supports the proposition that the date "damages [were] capable of being ascertained" is the date of Plaintiff's diagnosis of episodic seizures, which could be used to provide a justifiable excuse for the delayed prosecution. Logically, if a reasonably prudent person would not be able to recognize his seizure episodes were possibly caused by a defendant's alleged conduct until years after the occurrence, it would help show that Plaintiff's delay was justified here. However, the alleged seizure episodes, the only new categories of injuries alleged in the claim on appeal, are just one category of injuries amongst many others that Plaintiff was "capable" of ascertaining and subjectively did ascertain more than nine years prior to his filing. A plaintiff's cause of action begins to accrue when

7

"damage is substantially complete…even if some additional damage may occur in the future and even if the [plaintiff] has not actually discovered the injury." *Cook v. DeSoto Fuels, Inc*., 169 S.W.3d 94, 103 (Mo. App. E.D. 2005).

Moreover, Plaintiff's application of *Giles's* analysis to his claim is also questionable. Although Plaintiff acknowledges that Missouri courts use an objective, reasonably prudent person standard, he argues that the Western District in *Giles* reviewed "the holdings in similar cases" and "held that damages are not capable of ascertainment until the plaintiff is [subjectively] aware of the condition and its cause." This is an overstatement. The Western District acknowledged that our Court "rejected the argument that [damages are not capable of being ascertained] until the injured party has actual knowledge of his injury and its cause." *Id*. at 192 (discussing *Johnson v. Norfolk & W. Ry. Co.*, 836 S.W.2d 83, 86 (Mo. App. E.D. 1992)). Moreover, the Supreme Court of Missouri "specifically rejected" the application of a subjective test. *Powel*, 197 S.W.3d at 581 (discussing *Jepson v. Stubbs*, 555 S.W.2d 307, 313 (Mo. banc 1977). The Missouri Supreme Court articulated the appropriate test in *Powel*:

> [T]he capable of ascertainment test is an objective one. The issue is not when the injury occurred, or when [the] plaintiff subjectively learned of the wrongful conduct and that it caused his or her injury, but when a reasonable person would have been *put on notice* that an injury and substantial damages *may* have occurred and would have undertaken to ascertain the extent of the damages.

*Id*. at 584-85 (emphasis added).

Additionally, in *Giles*, the Western District did not determine that the plaintiff's date of diagnosis controlled the date his action began to accrue. *Giles*, 475 S.W.3d at 193. Rather, the court found that there was merely a *possibility* that Plaintiff's claim did not begin to accrue until he was diagnosed, and such determination was a question for the trier-of-fact. *Id*. Accordingly, in isolation, Plaintiff's argument that he was not subjectively aware of "the [likely] cause of his

8

seizure condition" until he was diagnosed on April 23, 2013, and thus, there was actually "minimal delay in proceeding," is unpersuasive. Plaintiff did not file his action on appeal until nearly two and a half years after the diagnosis and approximately one year after his counsel obtained the relevant medical records.[8] Moreover, Plaintiff's "damages need not be complete at the time they are first ascertained. A cause of action accrues when a party can first ascertain the fact of damage, even though he may not know the extent of the damage." *Powel*, 197 S.W.3d 576 at 589 (explaining that the date "the fact of damage" becomes ascertainable controls when an action begins to accrue, not the date the full extent of damages can be determined.). Moreover,

Plaintiff acknowledges that the date a plaintiff's damages are capable of ascertainment is a "factual question." The trial court is in a superior position to "determine factual issues than an appellate court reviewing only the record on appeal." *Pearson v. Koster*, 367 S.W.3d 36, 43 (Mo. banc 2012). Accordingly, Plaintiff has not established that the trial court abused its discretion by finding Plaintiff failed to diligently prosecute his action and thereby dismissing it.

Based on the foregoing, Plaintiff failed to meet his burden of showing the trial court abused its discretion by dismissing his suit. Point denied.

### III.    Conclusion

Judgment affirmed.

_____
Colleen Dolan, Judge

Sherri B. Sullivan, P.J., concurs.
Roy L. Richter, J., concurs.

---

[8] The relevant diagnosis occurred on April 23, 2013. Plaintiff's attorney obtained Plaintiff's medical records from his doctor on September 24, 2014. Plaintiff filed the lawsuit on appeal on September 16, 2015.