**Lawrence ALBERT, et al.,
Plaintiffs, Appellants,**

v.

**MAINE CENTRAL RAILROAD COMPA-
NY, et al., Defendants, Appellees.**

**No. 89–2131.**

United States Court of Appeals,
First Circuit.

Heard April 2, 1990.

Decided June 12, 1990.

**542**

John Paul Curran, Philadelphia, Pa., with whom John Paul Erler, South Portland, Me., was on brief, for plaintiffs, appellants.

Scott T. Maker, with whom Ralph I. Lancaster and Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, Me., were on brief, for defendants, appellees.

Before COFFIN, Senior Circuit Judge, TORRUELLA and SELYA, Circuit Judges.

TORRUELLA, Circuit Judge.

This is an appeal from the decision of the United States District Court for the District of Maine. Appellants contend that the district court incorrectly granted summary judgment on the basis that their claims under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 *et seq.*, were time barred. We affirm.

## I. FACTS

On July 30, 1987, 49 former or current railroad employees, including the appellants, commenced this action. Five of the original ten appellants prosecuting this appeal were dismissed. *See Lawrence Albert, et al. v. Maine Central Railroad Co., et al.*, 898 F.2d 5 (1st Cir.1990) (per curiam). The relevant facts as to the remaining five appellants relate to whether the appellants knew, or reasonably should have known, both of their hearing loss and its cause more than three years before they brought suit. The record of undisputed facts for each appellant is as follows:

### A. *Bickford*

Russell S. Bickford testified that the first time he knew he suffered from hearing loss was when he took a hearing test in 1980. When asked if, in 1980, he thought his slight hearing loss resulted from his work at the railroad, appellant Bickford responded in the affirmative.

### B. *Brannen*

After being asked if he had noticed that he had a hearing loss, and responding in the affirmative, Walter Brannen then testified that he had realized that he had a hearing loss for about ten years. He said that he suspected that the hearing loss resulted from the noise he was exposed to every day at the railroad and that he had this suspicion since he first noticed his hearing loss in 1978.

### C. *Fitton*

Kenneth Fitton stated that he first noticed his hearing loss during the last five years, and that approximately five years ago, in 1983, he linked his work with the railroad to his hearing loss.

### D. *Hamilton*

Edward T. Hamilton stated that he remembered having a hearing loss after the first time he had a whistle from a railroad engine blown in his ear in 1971. He stated in 1975 he attributed his hearing problems to the railroad.

### E. *Hunt*

Alan D. Hunt began noticing a hearing loss approximately ten to fifteen years ago.

His wife attributed his hearing loss to his work at the railroad and told Hunt her opinion about ten years ago in 1978. At that time, Hunt agreed with his wife as to the work at the railroad being the cause of his hearing loss.

## II. STANDARD OF REVIEW

■ Upon review of a grant of summary judgment, we employ the same standard of review as the district court. 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure*, § 2716 at 643 (1983). Summary judgment is proper when there is "no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). We consider the undisputed facts in the pleadings, affidavits, and exhibits in the light most favorable to the nonmovant. *See, e.g., Kennedy v. Josephthal & Co., Inc.*, 814 F.2d 798, 804 (1st Cir.1987). Our review of legal decisions is plenary.

## III. DISCUSSION

■ FELA provides that "[n]o action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued." 45 U.S.C. § 56. The method of determining when an action accrues is not set by the statute. Rather, courts must interpret the term keeping in mind the purpose of the provisions and the practical ends to be served by a period of limitations. *Reading Co. v. Koons*, 271 U.S. 58, 46 S.Ct. 405, 70 L.Ed. 835 (1926). As the United States Supreme Court has stated, the legislative intent behind any statute of limitations is that "the right to be free of stale claims in time comes to prevail over the right to prosecute them." *United States v. Kubrick*, 444 U.S. 111, 117, 100 S.Ct. 352, 356, 62 L.Ed.2d 259 (1979) (citing *Railroad Telegraphers v. Railway Express Agency*, 321 U.S. 342, 349, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1944)). Furthermore, statutes of limitations

> [p]rotect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents, or otherwise.

*Id.*

■ Ordinarily, it is clear from the circumstances of the injury when the statute of limitations begins to run. Sometimes, however, as in the case at bar, a plaintiff may be unaware when the injury actually occurs. In those instances, courts apply a "discovery rule" to determine when the statute begins to run. *See Kubrick*, 444 U.S. at 120, 100 S.Ct. at 358.

The Supreme Court first set forth the discovery rule in *Urie v. Thompson*, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949). In *Urie*, the plaintiff sued his railroad employer under the FELA alleging that he had contracted silicosis, a lung disorder, as a result of continuous inhalation of silicon dust blown or sucked into the locomotive car on which he worked during his twenty-eight years as a railroad foreman. The Court rejected the notion that the statute began to run when the plaintiff first contracted silicosis, which was years before he noticed any symptoms of it. To do otherwise, the Court stated, would have barred any recovery, affording the plaintiff "only a delusive remedy" by charging him "with knowledge of the slow and tragic disintegration of his lungs ... at some past moment in time, unknown and inherently unknowable." *Id.* at 169, 69 S.Ct. at 1024. Since there was no suggestion that the plaintiff knew he had silicosis at any earlier date the Court held that his cause of action accrued "only when the accumulated effects of the deleterious substance manifest[ed] themselves." *Id.* at 170, 69 S.Ct. at 1024 (citing *Associated Indemnity Corp. v. Industrial Accident Commission*, 124 Cal.App. 378, 381, 12 P.2d 1075.)

In *United States v. Kubrick, supra*, the Court addressed the accrual of a cause of action for medical malpractice brought under the Federal Torts Claim Act. The plaintiff argued that his cause of action should not accrue until he knew of his injury and its cause, and knew that the party causing the injury was legally blameworthy. Although the *Kubrick* court re-

jected the last requirement of legal blame, it did not specifically address the issue of whether a plaintiff needed to know of the injury's cause for the purpose of determining accrual. *Id.* 444 U.S. at 120, 100 S.Ct. at 358.

Although the United States Supreme Court has not spoken on this issue since its decision on *Kubrick,* several courts of appeals have interpreted *Urie* and *Kubrick* as setting forth the parameters of the discovery rule. These courts have held that the statute of limitations begins to run when the employee becomes aware not only of his disease but also of its cause. *Townley v. Norfolk & Western Ry. Co.,* 887 F.2d 498 (4th Cir.1989); *Kichline v. Consolidated Rail Corporation,* 800 F.2d 356 (3d Cir.1986); *DuBose v. Kansas City Southern Ry. Co.,* 729 F.2d 1026 (5th Cir.), *cert. denied,* 469 U.S. 854, 105 S.Ct. 179, 83 L.Ed.2d 113 (1984); *Wilson v. Johns–Manville Sales Corp.,* 684 F.2d 111 (D.C.Cir. 1981); *Stoleson v. United States,* 629 F.2d 1265 (7th Cir.1980).

We have not yet specifically ruled on this issue. The district court, adopting the reasoning of the aforementioned circuit courts, held that the three year statute of limitations began to run when the appellants knew, or should have known, of their hearing loss and its cause. *See Dubose v. Kansas City Southern Ry. Co.,* 729 F.2d at 1030. We agree.

Appellants contend, however, that the statute of limitations cannot begin running until an injured party has "definite knowledge" that his injury is work related. *Aerojet–General Shipyards, Inc. v. O'Keeffe,* 413 F.2d 793, 796 n. 4 (5th Cir.1969). According to appellants, lay diagnosis or suspicions of a medical condition which are not based on reasonable medical opinion cannot form the basis of definite knowledge. They claim that an injured party is ignorant on medical causation issues until he has received a medical diagnosis that his injury is work related. Thus, they reason, since the record contains no evidence that a medical professional diagnosed occupationally induced hearing loss more than three years before suit was started, the statute of limitations had not run.

We disagree, finding the district court's analysis, which imparts a requirement of diligence, more appropriate. As stated in *Dubose:*

> [W]e think that the Court intended the discovery rule to be applied in differing fact situations to effectuate the rationale behind the rule. In most cases a plaintiff will have actual knowledge of his injury no later than the time when he should have known he was injured. The discrepancy may be greater, however, between actual knowledge and constructive knowledge of the fact of causation. When a plaintiff may be charged with awareness that his injury is connected to some cause should depend on factors including how many possible causes exist and whether medical advice suggests an erroneous causal connection or otherwise lays to rest a plaintiff's suspicion regarding what caused his injury.

*Id.* at 1031.

Once each appellant reached the conclusion that he believed he had a hearing loss and that he believed that the injury was caused by his employment, we find that he had a duty to investigate the situation in order to confirm or deny his belief. This is especially true here where the appellants thought they knew the cause of their injury. To hold otherwise would essentially render the FELA statute of limitations meaningless.

*Aerojet* is entirely distinguishable. There, the court found that the statute of limitations was tolled until the plaintiff received a definitive medical diagnosis, but only in view of the fact that the plaintiff's self-diagnosis was expressly rejected by several physicians who told him that his injury was not work-related. *Aerojet–General Shipyards, Inc. v. O'Keefe,* 413 F.2d at 795.

As for appellants' claim that their uncontradicted deposition testimony is insufficient grounds by itself to support the district court's findings, again we disagree. A party against whom summary judgment has been requested "may not rest upon the

mere allegations or denials of [his] pleadings, but [his] response, by affidavits or as otherwise provided in this role, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). *Herbert v. Mohawk Rubber Co.*, 872 F.2d 1104, 1106 (1st Cir.1989). The appellants have not presented any evidence to contradict their own deposition testimony.

*Affirmed.*