PER CURIAM:
 

 Appellant Charles Bealer seeks review of the summary judgment entered in favor of appellee Missouri Pacific Railroad Company (Missouri Pacific) dismissing his suit as time barred. Finding no issue of material fact, we affirm.
 

 In October 1989 Appellant sued his former employer, Missouri Pacific, for damages under the Federal Employers’ Liability Act (the Act), claiming that his employment as a switchman caused a hearing disorder which has left him permanently disabled. The Act requires that a suit commence “within three years from the day the cause of action accrued.” 45 U.S.C. § 56 (1988). Because Appellant knew or should have known that his injury was work related well before 1986, the district court concluded that his suit fell outside of the statute of limitations and granted summary judgment in favor of Missouri Pacific.
 

 Summary judgment is appropriate if the record discloses “that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Fed.R.Civ.P. 56(c). In reviewing the summary judgment, we apply the same standard of review as did the district court.
 
 Waltman v. International Paper Co.,
 
 875 F.2d 468, 474 (5th Cir.1989);
 
 Moore v. Mississippi Valley State Univ.,
 
 871 F.2d 545, 548 (5th Cir.1989). The pleadings, depositions, admissions, and answers to interrogatories, together with affidavits, must demonstrate that no genuine issue of material fact remains.
 
 Celotex Corp. v. Catrett,
 
 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). To that end we must “review the facts drawing all inferences most favorable to the party opposing the motion.”
 
 Reid v. State Farm Mut. Auto. Ins. Co.,
 
 784 F.2d 577, 578 (5th Cir.1986).
 

 Under the Act, a claim accrues when a plaintiff knows or should know that his injury is work related, that is, when a plaintiff is aware of the critical facts concerning his injury and its causation.
 
 Dubose v. Kansas City S. Ry.,
 
 729 F.2d 1026, 1029-30 (5th Cir.)
 
 cert. denied,
 
 469 U.S. 854, 105 S.Ct. 179, 83 L.Ed.2d 113 (1984);
 
 Emmons v. Southern Pac. Transp. Co.,
 
 701 F.2d 1112 (5th Cir.1983). Because Appellant bears the burden of proving that his cause of action commenced within the three-year limitations period,
 
 id.
 
 at 1118, the material issue in this case is whether Appellant knew or should have known of his injury and its cause before October 1986.
 

 Appellant claims he did not fully realize the extent of his injury or its cause until November 1986, when he received a letter from his doctor describing the permanency of his hearing loss. Appellant also suggests that the doctors he visited “laid to rest” his suspicions that his hearing loss was work related. Contrary to Appellant’s assertions, however, the record indicates that Appéllant was in possession of critical facts regarding his injury and causation as early as the 1970s.
 

 In 1988, after receiving a union publication containing an article describing the connection between hearing problems and work-related noise levels, Appellant filed a claim against Missouri Pacific. His responses to several questions in the claim form indicate that as early as 1970 Appellant was aware that loud noises might
 
 *40
 
 cause hearing problems, that in 1983 he first noticed a hearing problem, and that once, upon hearing the blast of a train horn, he temporarily lost his hearing and experienced ringing in his ears. Though Appellant disputes the accuracy of the claim form’s information, it was not unreasonable for the district court to charge Appellant with knowledge of the form’s contents.
 
 See Crisman v. Odeco, Inc.,
 
 932 F.2d 413, 414 (5th Cir.1991).
 

 The claim form’s reliability aside, the record amply supports the conclusion that Appellant was aware of critical facts concerning his injury and its causation before October 1986 and that he associated his ear and hearing problems with noise at work. In 1979 Appellant told a doctor that he associated hearing loss with a train whistle. At that date, the doctor advised him to wear ear plugs on the job. Appellant first complained of dizziness in 1984, and in 1985 he was terminated from employment because of his ear problems. At his deposition and in response to interrogatories, Appellant stated that he was frequently bothered by loud noises on the job, that whistle blasts caused ringing in his ears, and that he often complained to engineers and coworkers about noise levels on the job. He also testified that he was unaware of any exposure to high noise levels outside of the work place that might have caused problems with his ears. The doctor’s letter that Appellant received in 1986 indicates that Appellant’s symptoms had been the same for “quite some time.” Finally, Appellant himself testified that there was no substantial change in his ear and hearing problems in 1984, 1985, or 1986.
 

 These facts — which are not at issue— support the conclusion that Appellant knew or reasonably should have known as early as 1979 that his hearing condition arose from employment. Because Appellant has failed to show an issue of material fact relating to the accrual of his claim before 1986, the judgment of the district court is
 

 AFFIRMED.