Gary **BILLMAN**, Appellant,

v.

**MISSOURI PACIFIC RAILROAD COMPANY, d/b/a Union Pacific Railroad Company, Appellee.**

No. 2–91–115–CV.

Court of Appeals of Texas, Fort Worth.

Feb. 26, 1992.

Rehearing Overruled April 7, 1992.

Harrison & Bline, and D. Keith Harrison, Burleson, for appellant.

Brown, Herman, Scott, Dean & Miles, and John W. Proctor, Fort Worth, for appellee.

Before JOE SPURLOCK, II, HILL and FARRIS, JJ.

**OPINION**

FARRIS, Justice.

Gary Billman sued Missouri Pacific Railroad Company (MOPAC) on March 26, 1990 under the Federal Employers' Liability Act (FELA) alleging a job-related hearing loss. Billman alleged his injury was caused by MOPAC's negligence in failing to protect him from job-related noises.[1] MOPAC answered and moved for summary judgment contending Billman's claim accrued more than three years before suit was filed, and his suit was barred by limitations. The trial court granted summary judgment, and on appeal Billman complains the trial court erred because there were fact issues concerning (1) when he discovered his hearing loss, and assuming his hearing loss was limitations barred, (2) whether he had an actionable claim for aggravation of his hearing loss which was not barred. We overrule Billman's first point because there was no genuine issue of material fact as to when Billman first discovered he had suffered a work-related injury, and the evidence was conclusive that he discovered his injury more than three years before filing suit. We sustain his second point because there remains a fact issue whether or not his original hearing loss was aggravated by an actionable work-related injury occurring within three years of his filing suit.

■■■ Although this case is one of federal substantive law, we must apply the Texas standard of review for summary judgments. All conflicts in the evidence will be disregarded and evidence favoring the non-movant will be accepted as true. *Bass v. Bass*, 790 S.W.2d 113, 117 (Tex. App.—Fort Worth 1990, no writ). Any reasonable inferences or doubts will be resolved in favor of the non-movant. *Id.* Evidence favoring the movant's position will be considered only if it is uncontroverted. *Id.*

■■■ The limitations period under FELA is three years from the day the cause of action accrued. 45 U.S.C.A. § 56 (West 1986). In a FELA action, compliance

---

1. On this date, we are handing down opinions in seven companion cases all involving FELA suits against MOPAC by plaintiffs alleging similar claims of hearing loss.

with the statute of limitations is a condition precedent to recovery rather than an affirmative defense. *Emmons v. Southern Pacific Transp. Co.*, 701 F.2d 1112, 1117 (5th Cir.1983). The burden is upon the claimant to allege and prove that he filed suit within the three-year period. *Id.* at 1118.

■ In cases of latent injury, the United States Supreme Court has applied the discovery rule to determine when a cause of action accrues. *United States v. Kubrick*, 444 U.S. 111, 121–23, 100 S.Ct. 352, 359–60, 62 L.Ed.2d 259, 269–70 (1979); *Urie v. Thompson*, 337 U.S. 163, 170, 69 S.Ct. 1018, 1025, 93 L.Ed. 1282, 1292–93 (1949). A claimant should reasonably know of his injury when he possesses critical facts of such injury. *See Kubrick*, 444 U.S. at 122–23, 100 S.Ct. at 359–60, 62 L.Ed.2d at 269–70. Moreover, an awareness of critical facts will impose a duty upon a claimant to investigate and confirm or deny his belief, otherwise the limitations period would be meaningless. *See Fries v. Chicago & Northwestern Transp. Co.*, 909 F.2d 1092, 1095 (7th Cir.1990); *Albert v. Maine Cent. R.R.*, 905 F.2d 541, 544 (1st Cir.1990).

■ The *Kubrick* court held, for limitations purposes, a cause of action accrues when a claimant discovers both his injury and its underlying cause; however, it is not necessary the claimant know the defendant is blameworthy. *Kubrick*, 444 U.S. at 121–23, 100 S.Ct. at 359–60, 62 L.Ed.2d at 269–70. *Kubrick* and *Urie* set the standard to determine limitations questions. *DuBose v. Kansas City Southern Ry.*, 729 F.2d 1026, 1030 (5th Cir.1984). In *DuBose*, the Fifth Circuit viewed the two Supreme Court opinions as a continuum, determining the discovery rule shall be applied to all federal cases.[2] The *DuBose* court interpreted the *Kubrick* test to implicitly mean a claim accrues when the claimant should reasonably have been aware of the critical facts of injury and causation. *Id.* at 1030.

■ A critical fact causing a claim to accrue can be an event that should put a claimant on notice to check for injury, even if the event results in only minor physical effects. *Crisman v. Odeco, Inc.*, 932 F.2d 413, 415 (5th Cir.1991). Although the injury may turn out to be more serious than originally thought, the cause of action will nevertheless accrue on the date that a claimant realizes he has sustained harm. *Id.* Crisman was put on notice that his injury was work related because (1) Crisman's symptoms (hearing loss, headaches, and respiratory problems) occurred only while at work, and (2) he admitted knowing his symptoms were connected to work conditions. *Id.* at 416. *Crisman* follows the rationale of other recent decisions. In *Albert*, five plaintiffs sued a railroad for hearing loss claiming that the limitations period could not run until they had "definite knowledge" that their injury was work related. *Albert*, 905 F.2d at 544. The court expressly disagreed and held that once each plaintiff believed his hearing problem was work related, he had a duty to investigate the situation in order to confirm or deny his belief. *Id.* Similarly, Fries noticed a decline in hearing and ringing in his ears in 1980 or 1981. *Fries*, 909 F.2d at 1093. In depositions, Fries and his wife testified they did not know the cause of his hearing loss was work related, but Fries did admit that in 1981 and 1982 he had realized the ringing increased at the end of the workday, worsened throughout the work week and subsided during the weekend. *Id.* at 1094. However, Fries did not file suit until 1987, maintaining that his cause of action did not accrue until 1985 when he had actual knowledge by diagnosis that his hearing loss was work related. *Id.* The court concluded that a reasonable person, when confronted with the facts that Fries possessed in 1981 about his hearing loss and the nature of the injury, would have investigated its cause. *Id.* at 1097.

■ Applying the standard to this case, Billman's cause of action accrued and limitations began running when he knew that

2. Accordingly, the discovery rule applies to FELA hearing loss cases. *See, e.g., Van Zweden v. Southern Pacific Transp. Co.*, 741 F.Supp. 209 (D.Utah 1990); *Bechtholdt v. Union Pacific R.R.*, 722 F.Supp. 704 (D.Wyo.1989); *Jones v. Maine Cent. R.R.*, 690 F.Supp. 73 (D.Me.1988).

he had suffered a hearing loss which was job related. Because the summary judgment proof is conclusive that he knew he had suffered a job-related hearing loss more than three years before suing MO-PAC, Billman's action for that injury is barred by limitations.

The summary judgment evidence consists of portions of Billman's deposition and affidavits of Billman and Susan Howell, M.S. CCC–A, an audiologist.

Billman began working for MOPAC and its predecessors in June 1974, and at the time of his affidavit still worked for MO-PAC. From 1974 to 1980, Billman was exposed to noise of retarders at the railroad which caused him to suffer temporary pain and ringing in his ears. The ringing sensation would taper off after quitting work for the day. During this time period, the ringing in Billman's ears did not occur every day but about fifty per cent of the time. Billman was aware he experienced the ringing sensation when he worked near the retarders, and that after leaving work, he would have difficulty understanding normal conversation. Billman never formally complained to the railroad, but there was "shop talk" among employees about the noise. Billman was aware of no other noise exposure at the time that could be responsible for his hearing loss.

Beginning in 1980, Billman worked as a conductor and brakeman. Although in this position Billman was not exposed to the retarders as much, he still experienced ringing in his ears and loss of hearing. After 1980, Billman associated his symptoms with working around a certain type of engine which was noisier than others because its horn was placed behind the cab rather than on the front end. From 1980 until the time of filing his suit, Billman was not exposed to any noise, other than that working at the railroad, which could have damaged his hearing. In his affidavit, Bill-

man testified his hearing loss had worsened in the two years prior to suing MO-PAC.

In her affidavit, Susan Howell discussed noise-induced hearing loss, known as temporary and permanent threshold shift, and its symptoms. She testified noise-induced hearing loss was gradual making it difficult to detect. However, Howell's affidavit did not mention Billman's injury; therefore, we find this affidavit offers no proof as to when Billman became aware or should have become aware of his hearing loss.

Billman argues he cannot be held to have discovered his injury more than three years before filing suit because he had not believed his hearing loss was permanent. We reject this argument because, although he may have believed his hearing loss to be temporary, more than three years before he filed suit Billman was aware his hearing was being injured by the noise at work, and that awareness was sufficient to start the running of limitations. *See Crisman,* 932 F.2d at 415–16; *see also Fries,* 909 F.2d at 1093–97. Because Billman did not file suit until 1990, we hold his cause of action for hearing loss, which occurred more than three years before suit was filed, was barred by limitations.[3] Therefore, we overrule Billman's first and second points of error.

■ We sustain Billman's third and fourth points, that summary judgment was error, because a fact issue remained as to whether or not he had an actionable claim for any hearing loss which accrued after March 26, 1987, within three years of his filing suit. To recover for aggravation of the time-barred hearing loss, Billman had to plead and prove that he suffered additional injury to his hearing, that MOPAC's negligence caused the additional injury, and that both the additional injury and its cause occurred within the three-year period

---

**3.** Had Billman, in his deposition or affidavit denied rather than admitted that he associated his hearing loss with the loud noises at work, his testimony would be evidence raising a fact issue that precluded summary judgment. *See Smith v. States Marine Int'l, Inc.,* 864 F.2d 410, 412 (5th Cir.1989); *Bechtholdt,* 722 F.Supp. at

705; *see also Van Zweden,* 741 F.Supp. at 211–12 (plaintiff, by affidavit, explained deposition testimony admitting that his hearing loss was work related stating that testimony referred to his knowledge on day of his deposition and not an earlier date).

before suit was filed. *See Kichline v. Consolidated Rail Corp.*, 800 F.2d 356, 361 (3rd Cir.1986); *McCoy v. Union Pacific R.R.*, 102 Or.App. 620, 796 P.2d 646, 651 (1990); *Smith v. Cliff's Drilling Co.* 562 So.2d 1030, 1032 (La.Ct.App.1990).

Kichline, a diesel mechanic, sued his employer more than three years after learning he suffered chronic pulmonary disease caused in part by his continuous exposure at work to diesel fumes. *Kichline*, 800 F.2d at 357. The court held his claim for injuries occurring more than three years before he filed suit was time barred, but that the statute of limitations had not extinguished his claim for any aggravation of his pulmonary disease which had occurred during the period beginning three years before suit and ending with his retirement. The court recognized that there would be practical difficulties in apportioning the injury attributable to the exposure during the allowable period, and that Kichline's awareness of the effects of his continuous exposure to the fumes would go to the issue of his contributory negligence, but held he would be entitled to claim damages for the aggravation of his physical condition which occurred during the allowable period as a result of his employer's negligence. *Id.* at 361.

In response to MOPAC's motion for summary judgment, Billman amended his pleadings alleging that his hearing loss was continuously aggravated by the job-related noises to which he was subjected. His pleadings in this regard could be criticized as vague and general, but since MOPAC did not except to Billman's pleadings, the deficiency does not warrant summary judgment. *See* Hittner & Liberato, *Summary Judgments in Texas*, 20 St. Mary's L.J. 243, 251 (1989). In his affidavit, Billman stated that within approximately two years of filing suit he began to notice hearing problems he had not been aware of before.

In its motion for summary judgment, MOPAC did not challenge the claim that after March 26, 1987 it continued to negligently subject Billman to noise which injured his hearing. Instead, MOPAC ar-

gued that a claim for aggravation is not recognizable under FELA.

In a footnote, *Crisman* rejected a claim for aggravation of time-barred injuries stating that the defendant, Odeco, did not commit any new separate tort but only continued to assign Crisman to his job. *Crisman*, 932 F.2d at 417 n. 5. However, we choose to follow *Kichline* because our review of the summary judgment proof in this case requires we apply the more stringent Texas standard applicable to summary judgment appeals rather than the federal standard. *See* Hittner & Liberato, *supra*, at 298. The record before us does not contain conclusive proof that would allow us to assert with the confidence of the *Crisman* court that there was no new tort within three years of filing suit.

Billman's affidavit is some evidence of additional hearing loss occurring within three years of filing suit, and there remains the question of whether MOPAC negligently caused him to suffer further injury during that period. We hold there remains a genuine issue of material fact regarding whether or not Billman sustained any actionable aggravation of his hearing loss which was not time barred.

The judgment of the trial court is affirmed in part, reversed in part and the case is remanded for trial.