**D.L. MINYARD, Appellant,**

v.

**MISSOURI PACIFIC RAILROAD COMPANY, d/b/a Union Pacific Railroad Company, Appellee.**

**No. 12–93–00268–CV.**

Court of Appeals of Texas, Tyler.

Sept. 1, 1994.

Rehearing Overruled Dec. 29, 1994.

Mark S. Stewart, Allan T. Curry, Ft. Worth, for appellant.

John W. Proctor, Richard Miles, Ft. Worth, for appellee.

BILL BASS, Justice.

The judgment heretofore entered on July 28, 1994 is set aside and the same is hereby withdrawn and the following judgment is entered in lieu thereof, to wit:

This summary judgment case involves the application of the Federal Employers' Liability Act's (FELA) three-year statute of limitations, which the trial court held barred Appellant's occupational injury claim against his employer. We will affirm the trial court's judgment.

Appellant D.L. Minyard worked for Missouri Pacific Railroad for 40 years until his retirement in 1982. Throughout his service with the railroad, Minyard was exposed to noises from steam and diesel locomotive engines, whistles, horns, bells, and the train yard's retarder system. Nearly 10 years after his retirement, following an audiologist's examination, Minyard filed suit against the railroad alleging that he had suffered occupational noise-induced hearing loss during his forty year employment with the railroad. On the railroad's motion based on the three-year statute of limitations under FELA, the trial court granted summary judgment for the railroad.

In his first and second points of error, Minyard complains that the trial court erred in granting summary in favor of the railroad. Our standard for reviewing a summary judgment is whether the railroad, as movant, has shown that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979). Minyard, as non-movant, is entitled to have all reasonable inferences made and all doubts resolved in his favor. *Nixon v. Mr. Property Management,* 690 S.W.2d 546, 548 (Tex.1985); *Univ. of Texas Health Science Center v. Big Train Carpet,* 739 S.W.2d 792 (Tex.1987). Furthermore, we must take as true the uncontroverted evidence of Minyard. *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972).

The only issue is whether Minyard filed suit against the railroad within the time allowed under the FELA statute of limitations. FELA provides that no action shall be maintained unless commenced within three years from the day the cause of action accrued. Federal Employers' Liability Act, 45 U.S.C. § 56. When a case involves a specific date of injury, the statute of limitations accrues on the date of the injury. *Fletcher v. Union Pacific Railroad Co.,* 621 F.2d 902 (8th Cir.1980). However, in occupational disease cases, when no specific date can be labeled as the date of the occurrence of the injury, the accrual date is the point in time "when the accumulated effects of the deleterious substance manifest themselves." *Urie v. Thompson,* 337 U.S. 163, 170, 69 S.Ct. 1018, 1025, 93 L.Ed. 1282 (1949).

In *United States v. Kubrick,* the United States Supreme Court clarified the rule in *Urie,* stating that the action accrues when the plaintiff is in possession of critical facts to put him on notice that he has been injured, and to allow him to discover the cause of his injury. *Kubrick,* 444 U.S. 111, 120–21, 100 S.Ct. 352, 358–59, 62 L.Ed.2d 259 (1979).

From the summary judgment evidence, we find that Minyard worked for the railroad for forty years until his retirement in 1982.

During most, if not all, of his service as an engineer and fireman with the railroad, Minyard was exposed to loud noises from the various locomotives. Following an annual eye, ear, and throat examination in 1974 by Dr. Marrs, the company's doctor, Minyard was informed that he had suffered hearing loss. The hearing loss was profound enough for the doctor to have determined that it would result in his disqualification from service. After seeking assistance from his union, however, Minyard was given a "waiver" and was allowed to continue working until his retirement 8 years later. The results of subsequent annual examinations apparently did not expose Minyard to disqualification.

In 1990, Minyard spoke to another railroad employee and learned that the hearing problems he had been experiencing may be attributable to his years of exposure to occupational noise while working at the railroad. He went to Beltone for an ear examination and the audiologist informed him that his hearing was on a "downward grade" and he would need hearing aids. Soon thereafter, Minyard sued the railroad under FELA for damages due occupational noise exposure.

The following undisputed events are relevant to the railroad's statute of limitations defense.

| | |
|---|---|
| August 22, 1942 | Minyard begins employment at railroad |
| —??— 1974 | Dr. Marrs informs Minyard of substantial hearing loss |
| August 30, 1982 | Minyard retires from railroad |
| September, 1990 | Beltone ear examination |
| Feb. 11, 1991 | Minyard files suit against railroad |

Minyard's deposition testimony reveals also that, before and after his retirement, his wife told him that he did not pay attention to her because he could not hear her. His wife also did not like the way he had the television volume too loud. Minyard also stated that he noticed hearing loss before he went to Beltone to have his hearing checked.

Minyard should reasonably have known of his injury when Dr. Marrs informed him of the hearing loss and told him that he could no longer work at the railroad because of the deficiency. *See Kubrick,* 444 U.S. at 122–23, 100 S.Ct. at 359–60. Minyard's awareness of such critical facts as Dr. Marrs' diagnosis and Mrs. Minyard's complaints imposed a duty upon Minyard to investigate to confirm or deny the suspected hearing loss and to determine its cause. *Billman v. Missouri Pacific R. Co.,* 825 S.W.2d 525, 527 (Tex. App.—Fort Worth 1992, writ denied). Otherwise, the limitations period would be meaningless. *Fries v. Chicago & Northwestern Transp. Co.,* 909 F.2d 1092, 1095 (7th Cir. 1990). We conclude that the railroad, as movant, has shown that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority,* 589

S.W.2d 671, 678 (Tex.1979). Points of error one and two are overruled.

We affirm the judgment of the trial court.