New Orleans, Louisiana, this 28 day of September, 1994.

Byron E. RAY

v.

ILLINOIS CENTRAL RAILROAD CO.

Civ. A. No. 94–0483.

United States District Court, E.D. Louisiana.

Sept. 30, 1994.

Blake G. Arata, Jr., Benjamin B. Saunders, C. Perrin Rome, III, Davis, Saunders, Arata & Rome, Metairie, LA, for plaintiff.

Douglas K. Williams, Gayla M. Moncla, Breazeale, Sachse & Wilson, Baton Rouge, LA, for defendant.

---

## ORDER AND REASONS

LIVAUDAIS, District Judge.

Defendant Illinois Central Railroad Company has filed a motion for partial summary judgment on the grounds that there is no genuine issue of material fact and it is entitled to judgment as a matter of law on plaintiff's foot injury claim, because it was not brought within the three year statute of limitations which is applicable to suits filed under the Federal Employers' Liability Act ("FELA"). Plaintiff Byron E. Ray opposes the motion.

Plaintiff, an employee of the Illinois Central Railroad Company ("ICRR" or "the railroad") for 30 years, filed a complaint against the railroad on February 9, 1994, alleging that he suffers from Morton's neuroma, a condition in which the nerves in the balls of the feet are exposed, which he relates to walking on "large slag", large stones or pieces of rock used to replace cinders in the railroad yard, while in the course and scope of his employment. This condition was diagnosed when plaintiff sought medical advice for foot problems in 1992.

Plaintiff had complained in the 1970s and 1980s to his supervisors about his discomfort resulting from walking on slag at the Mays Yard of the ICRR. He had suffered discomfort in his feet since the 1970s and started buying shoes with thick soles in the 1980s to alleviate the discomfort. What was initially occasional pain became fairly constant sometime prior to 1991. Plaintiff did not realize, however, that his foot problem was severe enough to seek medical treatment until 1992. He realized in the 1980s that walking on the slag was probably causing the pain in his feet, but did not know that the pain was result of a specific disease or injury until he was advised by his physician in 1992 that he had Morton's neuroma.

Defendant ICRR argues that the three year statute of limitations in a FELA action ran prior to the institution of plaintiff's suit. A FELA suit must be filed within three (3) years from the date the cause of action accrued. 45 U.S.C. § 56. When plaintiffs may be unaware that they have been injured, such as in cases involving medical malpractice, occupational diseases, and other types of latent injuries, the "discovery rule" applies. The discovery rule in FELA cases provides that the statute of limitations does not run against a claim "whenever a plaintiff is not aware of and has no reasonable opportunity to discover the critical facts of his injury and its cause." *DuBose v. Kansas City Southern Railway Company,* 729 F.2d 1026, 1030 (5th Cir.1984), *cert. denied,* 469 U.S. 854, 105 S.Ct. 179, 83 L.Ed.2d 113 (1984). There will be a factual dispute relating to "actual" as opposed to "constructive" knowledge of his injury and the fact of causation. *Id.* at 1031. In other words, a claim accrues when the plaintiff is aware of the critical facts concerning his injury and its causation. *Bealer v. Missouri Pacific Railroad Company,* 951 F.2d 38, 39 (5th Cir. 1991).

The Court's attention was directed to several hearing loss cases where the plaintiff's complaints were dismissed as not having been filed within the applicable statute of limitations. The hearing loss cases, such as *Bealer,* 951 F.2d at 38, and *Harvey v. CSX Transportation, Inc.,* 794 F.Supp. 182 (W.D.Va.1992), focus on the plaintiff's knowledge that his hearing loss was related to his occupation. While there does appear to be no dispute that plaintiff knew his feet hurt because he walked upon slag, there is considerable dispute when plaintiff knew he suffered an injury. While plaintiff knew his feet hurt, there is a factual issue whether the pain in his feet should have caused him to seek medical attention sooner such that he could have discovered he had Morton's neuroma. Defendant may succeed in convincing the factfinder that his complaints were such that a reasonable man would have sought medical attention sooner, but this is a question of fact in dispute.

Accordingly, for the above and foregoing reasons,

IT IS ORDERED that the motion of Illinois Central Railroad Company for partial summary judgment be and is hereby DENIED.