COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT 
WORTH
 
NO. 2-03-088-CV

  
WILLIAM 
W. STOUT, JR.                                                        APPELLANT
 
V.
 
THE 
BURLINGTON NORTHERN AND                                           APPELLEE
SANTA 
FE RAILWAY COMPANY
 
------------
 
FROM 
THE 352ND DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
William W. Stout, Jr. appeals a summary judgment dismissing the personal injury 
suit he brought under the Federal Employees’ Liability Act (FELA)[2] against The Burlington Northern and Santa Fe Railway 
Company. In one issue, appellant contends that the trial court improperly ruled 
that his FELA suit is barred by limitations. We will affirm.
        The 
parties are familiar with the facts of this case and the applicable law is 
well-settled.
        The 
statute of limitations period under FELA is three years from the date the cause 
of action accrues. 45 U.S.C.A. § 56. A cause of action accrues for limitations 
purposes when a claimant discovers both his injury and its underlying cause. United 
States v. Kubrick, 444 U.S. 111, 121-23, 100 S. Ct. 352, 359-60 (1979); Billman 
v. Mo. Pac. R.R. Co., 825 S.W.2d 525, 527 (Tex. App.—Fort Worth 1992, writ 
denied). The claimant has the burden to allege and prove that he filed suit 
within this limitations period. Billman, 825 S.W.2d at 527.
        In 
his deposition, appellant admitted that he knew that he had a back injury in 
August of 1998 resulting from a collision between his railroad repair machine 
and a machine operated by another railroad worker. This uncontroverted 
deposition testimony conclusively proves that he discovered both his injury and 
its underlying cause in August of 1998. The fact that the injury subsequently 
turned out to be more serious than appellant first realized does not affect this 
accrual date. See id.
        Because 
appellant’s FELA suit was not filed until October 31, 2001, more than three 
years after his cause of action accrued in August of 1998, the trial court 
correctly ruled that his suit was time-barred. We overrule appellant’s issue 
and affirm the trial court’s summary judgment.
 
 
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE

 
PANEL 
A:   CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ.
 
DELIVERED: 
February 12, 2004

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
45 U.S.C.A. §§ 51-60 (West 1986).