Stout v. Burlington Northern & Santa Fe

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-088-CV

WILLIAM W. STOUT, JR. APPELLANT

V.

THE BURLINGTON NORTHERN AND APPELLEE

SANTA FE RAILWAY COMPANY

------------

FROM THE 352
ND
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant William W. Stout, Jr. appeals a summary judgment dismissing the personal injury suit he brought under the Federal Employees’ Liability Act (FELA)
(footnote: 2) against The Burlington Northern and Santa Fe Railway Company.  In one issue, appellant contends that the trial court improperly ruled that his FELA suit is barred by limitations.  We will affirm.

The parties are familiar with the facts of this case and the applicable law is well-settled
.

The statute of limitations period under FELA is three years from the date the cause of action accrues.  45 U.S.C.A. § 56.  A cause of action accrues for limitations purposes when a claimant discovers both his injury and its underlying cause. 
 United States v. Kubrick
, 444 U.S. 111, 121-23, 100 S. Ct. 352, 359-60 (1979)
; Billman v. Mo. Pac. R.R. Co.
, 825 S.W.2d 525, 527 (Tex. App.—Fort Worth 1992, writ denied)
.  The claimant has the burden to allege and prove that he filed suit within this limitations period.  
Billman
, 825 S.W.2d at 527.

In his deposition, appellant admitted that he knew that he had a back injury in August of 1998 resulting from a collision between his railroad repair machine and a machine operated by another railroad worker.  This uncontroverted deposition testimony conclusively proves that he discovered both his injury and its underlying cause in August of 1998.  The fact that the injury subsequently turned out to be more serious than appellant first realized does not affect this accrual date.  
See id.

Because appellant’s FELA suit was not filed until October 31, 2001, more than three years after his cause of action accrued in August of 1998, the trial court correctly ruled that his suit was time-barred.  We overrule appellant’s issue and affirm the trial court’s summary judgment.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ.

DELIVERED: 
February 12, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2: 45 U.S.C.A. §§ 51-60 (West 1986).