02-09-322-CV















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-09-00322-CV 

 

 


 
 
 John Reliford
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 BNSF Railway Company
 
 
  
 
 
 APPELLEE 
 
 


 

 

----------

 

FROM THE
96th District Court OF Tarrant
COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          

I. 
Introduction

          Appellant John Reliford appeals the
judgment against him and in favor of Appellee Burlington Northern and Santa Fe
Railway Company (BNSF).  Reliford
contends in one issue that the trial court committed reversible error by
submitting an improper jury instruction, by omitting a separate jury
instruction, and by submitting the first two jury questions in reverse
order.  Because Reliford has not
challenged each independent ground supporting the trial court’s judgment, we will
affirm.

II.  Background

          On November 26, 2003, Reliford filed
suit pursuant to the Federal Employers’ Liability Act (FELA)[2] against
BNSF, seeking damages and contending that his exposure to toxins at a BNSF
plant caused his prostate cancer.  The
case proceeded to trial in early August 2009, and the jury rendered a verdict
for BNSF.  In rendering its verdict, the
jury found that Reliford formed a belief that his prostate cancer was caused by
exposure to substances at the BNSF plant by March 4, 1999, and that Reliford’s prostate cancer was not proximately caused by
exposure to arsenic at the BNSF plant. 
The trial court signed the final judgment on August 24, 2009, and this
appeal followed.

III.  Discussion

          “It is axiomatic that an
appellate court cannot reverse a trial court’s judgment absent properly
assigned error.”  Pat Baker Co., Inc. v. Wilson,
971 S.W.2d 447, 450 (Tex. 1998).  When the trial court’s
judgment rests upon more than one independent ground or defense, the aggrieved
party must assign error to each ground or the judgment will be affirmed on the
ground to which no complaint is made.  Scott v. Galusha,
890 S.W.2d 945, 948 (Tex. App.—Fort Worth 1994, writ denied).

Section
56 of FELA states, “No action shall be maintained under this chapter unless
commenced within three years from the day the cause of action accrued.”  45 U.S.C.A. § 56 (2007).  A cause of action under FELA accrues for
limitations purposes when a claimant discovers both his injury and its
underlying cause.  United States v. Kubrick, 444 U.S. 111,
121–23, 100 S. Ct. 352, 359–60 (1979); Billman v. Mo. Pac.
R.R. Co., 825 S.W.2d 525, 527 (Tex. App.—Fort Worth 1992, writ denied).  “[I]t is not necessary the claimant know the
defendant is blameworthy.”  Billman, 825
S.W.2d at 527 (citing Kubrick, 444
U.S. at 121–23, 100 S. Ct. at 359–60).

          Here, the jury found that Reliford
formed a belief that his prostate cancer was caused by exposure to substances
at the BNSF plant by March 4, 1999, but Reliford did not file this lawsuit
until November 26, 2003, more than three years after his cause of action
accrued.  Therefore, because this
independent ground—statute of limitations—supports the trial court’s judgment
and has not been challenged on appeal, we affirm the trial court’s
judgment.  See Hong Kong Dev. Co. v. Nguyen, 229
S.W.3d 415, 456 (Tex. App.—Houston [1st Dist.] 2007, no pet.)
(overruling issue challenging lack of evidence of waiver or estoppel
because the appellant did not challenge the evidence supporting duress, even
though the jury found that failure to obtain consent to assign a contract was
excused by waiver, estoppel, and duress).

IV.  Conclusion

          Having held that Reliford has not
challenged each independent ground supporting the trial court’s judgment, we
affirm the trial court’s judgment.

 

 

 

BILL MEIER
JUSTICE

 

PANEL:  WALKER, MEIER, and
GABRIEL, JJ.

 

DELIVERED: January 27, 2011











          [1]See Tex. R. App. P. 47.4.





[2]See 45 U.S.C.A. § 51 (2007).