

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-09-00322-CV

JOHN RELIFORD                                                    APPELLANT

V.

BNSF RAILWAY COMPANY                                             APPELLEE

----------

FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

Appellant John Reliford appeals the judgment against him and in favor of Appellee Burlington Northern and Santa Fe Railway Company (BNSF). Reliford contends in one issue that the trial court committed reversible error by submitting an improper jury instruction, by omitting a separate jury instruction, and by

---

[1]*See* Tex. R. App. P. 47.4.

submitting the first two jury questions in reverse order. Because Reliford has not challenged each independent ground supporting the trial court's judgment, we will affirm.

## II. Background

On November 26, 2003, Reliford filed suit pursuant to the Federal Employers' Liability Act (FELA)[2] against BNSF, seeking damages and contending that his exposure to toxins at a BNSF plant caused his prostate cancer. The case proceeded to trial in early August 2009, and the jury rendered a verdict for BNSF. In rendering its verdict, the jury found that Reliford formed a belief that his prostate cancer was caused by exposure to substances at the BNSF plant by March 4, 1999, and that Reliford's prostate cancer was not proximately caused by exposure to arsenic at the BNSF plant. The trial court signed the final judgment on August 24, 2009, and this appeal followed.

## III. Discussion

"It is axiomatic that an appellate court cannot reverse a trial court's judgment absent properly assigned error." *Pat Baker Co., Inc. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998). When the trial court's judgment rests upon more than one independent ground or defense, the aggrieved party must assign error to each ground or the judgment will be affirmed on the ground to which no complaint is

---

[2]*See* 45 U.S.C.A. § 51 (2007).

made.  *Scott v. Galusha*, 890 S.W.2d 945, 948 (Tex. App.—Fort Worth 1994, writ denied).

Section 56 of FELA states, "No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued."  45 U.S.C.A. § 56 (2007).  A cause of action under FELA accrues for limitations purposes when a claimant discovers both his injury and its underlying cause.  *United States v. Kubrick*, 444 U.S. 111, 121–23, 100 S. Ct. 352, 359–60 (1979); *Billman v. Mo. Pac. R.R. Co.*, 825 S.W.2d 525, 527 (Tex. App.—Fort Worth 1992, writ denied).  "[I]t is not necessary the claimant know the defendant is blameworthy."  *Billman*, 825 S.W.2d at 527 (citing *Kubrick*, 444 U.S. at 121–23, 100 S. Ct. at 359–60).

Here, the jury found that Reliford formed a belief that his prostate cancer was caused by exposure to substances at the BNSF plant by March 4, 1999, but Reliford did not file this lawsuit until November 26, 2003, more than three years after his cause of action accrued.  Therefore, because this independent ground—statute of limitations—supports the trial court's judgment and has not been challenged on appeal, we affirm the trial court's judgment.  *See Hong Kong Dev. Co. v. Nguyen*, 229 S.W.3d 415, 456 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (overruling issue challenging lack of evidence of waiver or estoppel because the appellant did not challenge the evidence supporting duress, even though the jury found that failure to obtain consent to assign a contract was excused by waiver, estoppel, and duress).

## IV.  Conclusion

Having held that Reliford has not challenged each independent ground supporting the trial court's judgment, we affirm the trial court's judgment.

BILL MEIER
JUSTICE

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

DELIVERED: January 27, 2011

4