

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00250-CV

---

BNSF RAILWAY COMPANY                                APPELLANT

V.

JAMES E. PHILLIPS                                        APPELLEE

----------

FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY

----------

## DISSENTING OPINION

----------

The evidence is legally insufficient to support the jury's finding that Phillips's claims did not accrue before April 13, 2004, and to the extent that Phillips's experts relied upon epidemiological studies to prove that his exposure to vibratory forces from rough riding locomotives caused his injuries, they made no effort to demonstrate that the studies met the mandatory requirements for scientific reliability established in *Merrell Dow Pharmaceuticals, Inc. v. Havner*,

953 S.W.2d 706 (Tex. 1997), and reinforced in *Merck & Co. v. Garza*, 347 S.W.3d 256 (Tex. 2011). I therefore dissent.

A claim under the Federal Employers' Liability Act (FELA) "accrues when a plaintiff knows or should know that his injury is work related, that is, when a plaintiff is aware of the critical facts concerning his injury and its causation." *Bealer v. Mo. Pac. R.R. Co.*, 951 F.2d 38, 39 (5th Cir. 1991). The jury charge's sixth question stated as follows:

> Concerning Plaintiff James E. Phillips' claims in this case, did he know, or should he have known, before April 13, 2004 of both the alleged injury and its cause?
>
> Plaintiff James E. Phillips has the burden of proof to show that he *did not know* before April 13, 2004 of both the alleged injury and its cause. [Emphasis added.]

Phillips did not testify that he did not know, or in the exercise of reasonable diligence should not have known, before April 13, 2004, that his injuries were work related. And although counsel asked Phillips about "the very first time that [he] understood that [his] spinal condition was in fact caused by [his] work," and Phillips responded, "prior to -- to 2005, possibly, somewhere in there," this testimony is no evidence that Phillips did not know before April 13, 2004, that his injury was work related because "prior to . . . 2005" does not, in and of itself, implicate only a period of time between April 14, 2004, and December 31, 2004—it also includes the period of time before April 13, 2004. *See Lozano v. Lozano*, 52 S.W.3d 141, 148 (Tex. 2001) ("When circumstances are consistent with either of the two facts and nothing shows that one is more probable than the

2

other, neither fact can be inferred."). Moreover, the question expressly inquired about when Phillips acquired actual knowledge that his injuries allegedly resulted from BNSF's negligence, but under the FELA, a mere "awareness of critical facts will impose a duty upon a claimant to investigate and confirm or deny his belief, otherwise the limitations period would be meaningless." *See Billman v. Mo. Pac. R.R. Co.*, 825 S.W.2d 525, 527 (Tex. App.—Fort Worth 1992, writ denied); *see also Fries v. Chicago Nw. Transp. Co.*, 909 F.2d 1092, 1096 (7th Cir. 1990) ("[C]ase law . . . only requires a finding that a plaintiff should have known of an injury, not that he possess actual knowledge."). Thus, not only did Phillips not testify that he did not know before April 13, 2004, that his injuries were work related, his most direct testimony relating to that inquiry is irrelevant for purposes of determining when his claims accrued.

Because there is no direct evidence that Phillips did not know before April 13, 2004, that his injuries were work related, the majority turns to what it seems to contend is circumstantial evidence demonstrating that Phillips did not realize before April 13, 2004, that his job caused his injuries. But while an ultimate fact may certainly be proved by circumstantial evidence, none of the evidence cited by the majority supports the jury's finding. The physician who "appeared to connect Phillips's symptoms to his diabetes" did so only after April 13, 2004—in June 2004. Maj. Op. at 7. And it is of no consequence to the accrual inquiry whether or not BNSF made Phillips aware of the risks of full body vibration. The caselaw contains no requirement that an employer provide its

3

employee with notice that the employer is, or could be, the cause of the employee's alleged injuries.

What relevant evidence is contained in the record demonstrates that Phillips sought treatment for his injuries as early as 1998—he complained of "soreness up + down spine"—and he identified "rough riding railroad engines" as an aggravating activity. Phillips thus possessed critical facts of both his injuries and their cause years before April 13, 2004, which consequently imposed a duty upon him to investigate then. *See Billman*, 825 S.W.2d at 527. Because there is no evidence that Phillips did not know before April 13, 2004, that his injuries were work related, the evidence is legally insufficient to support the jury's answer to charge question number 6.

Furthermore, if there was any confusion after *Havner* about the threshold requirements for determining whether epidemiological evidence is scientifically reliable to prove causation, the supreme court unquestionably clarified the relevant standards in *Merck*. Specifically, epidemiological evidence used to prove general causation is unreliable if it does not show a doubling of the risk that is statistically significant at the 95% confidence level. *Merck & Co.*, 347 S.W.3d at 262–66. Moreover, a plaintiff must show that he or she is similar to the subjects in the studies and exclude with reasonable certainty other plausible causes of the injury if there is evidence of those causes. *Id.*; *Faust v. BNSF Ry. Co.*, 337 S.W.3d 325, 334 (Tex. App.—Fort Worth 2011, pet. denied).

To the extent that Phillips's experts relied upon epidemiological studies to prove that his exposure to vibratory forces from rough riding locomotives caused his injuries, they made no effort to show that the studies demonstrated a doubling of the risk that was statistically significant at the 95% confidence level. In the absence of that evidence, their opinions are unreliable and, legally, no evidence. *See Havner*, 953 S.W.2d at 714. The majority contends that *Havner*'s and *Merck*'s standards apply only to toxic tort cases, but that is expressly refuted by *Merck*'s unambiguous pronouncement that "*Havner*'s requirements necessarily apply to *all* epidemiological evidence." *Merck & Co.*, 347 S.W.3d at 264 (emphasis added).

The trial court should have granted BNSF judgment as a matter of law on either the limitations issue or the causation issue. Because the majority fails to correct either error, I respectfully dissent.


BILL MEIER
JUSTICE

DELIVERED: August 1, 2013